DAVID T. BAGLEY, Appellant, *v.* CORNELIUS J. EATON, and others, Respondents.

The breach, of a bond for title, does not discharge the debt due for the purchase money.

The plaintiff on such breach, can either resort to a Court of Equity to enforce its performance, or maintain an action at law.

Where the parties to such a bond, stipulate among themselves for a forfeiture, such forfeiture cannot defeat the plaintiff's rights to the purchase money.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The defendants were sued as administrators of the estate of Grove C. Mickle, deceased. The action was brought upon three promissory notes, amounting in the aggregate to $6,580, given by Mickle to Bagley and Sinton.

The consideration of the notes, and the circumstances under which they were given, are as follows:

Mickle entered into a contract with Bagley and Sinton for the purchase from them of a certain lot in San Francisco. The price agreed upon, was $14,000. Mickle paid on account, some $8,420, and afterward, to wit: on the 22d day of March, 1851, the parties ascertained the balance of principal and interest due Bagley and Sinton, to be $6,580, for which amount Mickle gave the notes aforesaid. At the last date, the parties entered into a bond, in writing, reciting the facts

63

as above stated, and containing the following condition, to which the notes and purchase were subject:

"That if the said McMickle shall well and truly pay to the said Bagley and Sinton, or their assigns, the said notes at maturity, then the said Bagley and Sinton agree, and hereby bind themselves, to execute to the said McMickle, a quit claim deed of all their right, title and interest in and to the aforementioned lot of ground. But if the said McMickle shall make default in the payment of any one or all of the said notes, then the said McMickle is to forfeit all right or interest in the said lot of ground, and the said Bagley and Sinton are hereby authorized to made such disposition thereof, discharged of all claim or pretense of claim, or interest in the same on the part of said McMickle, as they may see fit."

The notes were not paid at maturity, and afterward, in June, 1851, Bagley and Sinton, with the knowledge and consent of McMickle, sold and conveyed the lot to a third party, at private sale, as their own property, received the proceeds, and applied them toward the payment of the notes.

Sinton assigned his interest to Bagley, who at the commencement of this suit was the sole owner of the notes. The Court below found the following as conclusions of law:

"The agreement or bond entered into between the parties, is an executory contract for the purchase and sale of land, imposing mutual obligations on the respective parties. Bagley and Sinton might have enforced a performance of this contract, or had their rights ascertained under it by suit at law. In electing to sell, and by selling the land at private sale, after the forfeiture on the part of McMickle, they annulled the contract, and discharged the balance of debt on account of the purchase money. This debt being represented by the notes, they are also discharged, for failure of consideration. Judgment should be entered for defendants."

Plaintiff moved for a new trial, which motion the Court overruled, and plaintiff appealed.

*Hoge & Wilson*, for Appellant.

In equity, McMickle became by the contract the owner of the prem-

ises. They were his to all intents and purposes; all increase of value would inure to his benefit, and all loss must be sustained by him. Dart on Vendors, 114–117, and notes. Sugden on Vendors, 124, 337. Craig v. Leslie, 3 Wheat., 577. Peter v. Beverly et al., 10 Pet., 532. Johnson et al. v Jones, 12 B. Mon., 328. Paine v. Miller, 6 Ves., 349.

Bagley and Sinton had a lien for the purchase money remaining unpaid. To constitute such a lien, no possession is required, and it equally applies whether the transaction is a sale or a mere executory contract. 1 Hill. on Real Prop. p. 474, § 10. 2 Story Eq., § 1218. Chapman v. Tanner, 1 Verm., 267. Fish v. Howland, 1 Paige, 24. Pallexfen v. Moore, 3 Atk., 272. McGruder v. Peter, 11 Gill. & J., 244. Wright v. Woodland, 10 Ib., 387. Salmon v. Hoffman, 2 Cal., 143. 5 Port., 469.

The position of the vendor is that of a mortgagee, and he may enforce his rights in the same way. Salmon v. Hoffman, 2 Cal., 143. The doctrine of a vendor's lien was formerly supposed to grow out of a tacit consent or agreement of the parties. Story Eq. § 1220. Hilliard on Real Prop., 474.

The vendor may foreclose his lien in equity, and if the property will not on sale pay the purchase money in full, the deficiency is a personal claim against the purchaser. Dart on Vend., 120, 121, 534. 1 Sugd. on Vend., 309. Bowles v. Rogers, 6 Ves , 95, Note (1.) Kleisen v. Scott et al., 6 Dana, 138. Green v. Fowler, 11 Gill. & J., 103. Wright v. Woodland, 10 Ibid, 387. Garson v. Green, 308. Hayden v. Bell, 1 Beav., 337. Rowe v. Young, 3 Y. & C., 199. Ex parte, Hunter, 6 Ves., 94. Hope v. Booth, 1 B. and Adol., 507.

The bond recognizes the foregoing principles, and authorizes a foreclosure at private sale, instead of driving the vendors into a suit in equity. If any doubt exists from the language used, as to the intention of the parties, their acts show the true construction, and are admissible to give a clue to the intentions of the parties. French v. Carbut, 1 Coms., 102. Knight v. N. E. Worsted Co., 2 Cush., 271. Stone v. Clark, 1 Met., 378. Adams v. Frothingham, 3 Mass., 361. Codman et al. v. Winslow, 10 Mass., 149. Murray v. Bethune, 1 Wend., 191.

In a contract of sale, with a forfeiture in default of payment by the purchaser, the vendor may waive the forfeiture. Harris v. Troupe, 8

Paige, 426. Where the vendor for a long time after default, still holds the bond of the vendee, and recognizes the bond as still subsisting, it was held, that to take advantage of the default, he must give the vendee formal notice to fulfill. Fall v. Carpenter, 1 Dev. & Batt., 237.

*Glassell & Leigh*, for Respondents.

1. The agreement or bond is an executory contract for the purchase and sale of land, imposing mutual obligations on the respective parties thereto.

2. Bagley and Sinton might have enforced a performance of this contract, or had their rights under it ascertained by legal proceedings.

3. The election of Bagley and Sinton to sell, and their selling the land at private sale after the forfeiture on the part of McMickle, annulled the contract and discharged the balance of debt on account of the purchase money.

4. Where covenants are secured by a penalty or forfeiture, the obligee has his election. He may either bring an action of debt for the penalty; (after which recovery of the penalty, he cannot resort to the covenant, because the penalty is to be a satisfaction for the whole;) or, if he does not choose to go for the penalty, he may proceed upon the covenant, and recover more or less than the penalty—*toties quoties*. Lord Mansfield, in Lowe v. Peers, 4 Burr., 2225. Martin v. Taylor, 1 Wash. C. C. R., 1. Stearns v. Barrett, 1 Pick., 449. Perkins *et al.* v. Lyman, 11 Mass., 83.

This is the principle in Courts of Equity, also. Lowe v. Beers, *ubi supra.* 1 Bro. Ch., 418. Harris v. Troup, 8 Paige R., 425. Story's Eq. Jur., § 1323. Crippen v. Hermance, 9 Paige, 211.

5. The debt being represented by the notes, they are also discharged for failure of consideration. Story on Promissory Notes, etc., § 153. The notes and bond constituted together, one agreement. Hunt v. Livermore, 5 Pick., 395.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The Court below erred in the conclusions of law from the facts found. The agreement between the parties, is nothing more than a bond for title, the breach of which does not discharge the debt.

The plaintiff might either have resorted to a Court of Equity, to enforce its performance, or maintained an action at law; but the parties having stipulated among themselves for a forfeiture, such forfeiture cannot defeat plaintiff's right to the purchase money.

Judgment reversed, and new trial ordered.