R. T. BATTEY v. W. B. BEEBE.

WRITTEN CONTRACT FOR SALE OF LAND, *Construed.* Where by the terms of a written contract it is provided that the purchase-money of certain real estate is $300, which is to be paid in four annual installments of $75 each, with interest payable annually, previously to the execution of a deed, *held,* that the stipulations of the purchaser to pay at times before he is to have conveyance are independent covenants; and, *held,* that in an action brought by the vendor against the vendee upon the first three installments, after they are due, and prior to the time the last installment is payable, such vendor can recover the full amount of said three installments, together with all interest due thereon; and further *held,* that it is not necessary for the vendor to convey or to offer to convey before bringing his suit.

*Error from Marion District Court.*

THE defendant in error (plaintiff in the court below) brought his action against the plaintiff in error (defendant in the court below), before a justice of the peace of Marion county, on January 17, 1877, to recover the first three installments of purchase-money agreed to be paid by the following contract for certain town lots:

"This agreement, made this 10th day of July, 1873, by and between R. T. Battey of the first part, of Marion Cen-
    6 — 22 KAS.

tre, in the state of Kansas, and W. B. Beebe of the second part, of Cadiz, in the state of Ohio, *Witnesseth*, That the said party of the second part covenants and agrees with said party of the first part to sell and does hereby sell the following real property: Lots 1, 2, 3 and 4 of block 1, in W. B. Beebe's addition to the town of Marion Centre, Kansas; and the said party of the first part covenants and agrees to pay unto the said party of the second part for the same the sum of three hundred ($300) dollars, lawful money of the United States, as follows: $75 on or before July 8, 1874; $75 on or before July 8, 1875; $75 on or before July 8, 1876; $75 on or before July 8, 1877, with interest at ten per cent. per annum, payable annually, and to pay all accruing taxes.   And for the true and faithful performance of all and every of the covenants and agreements above mentioned, the parties bind themselves, each to the other, in the penal sum of —— dollars, as liquidated damages to be paid by the failing party.

"In witness whereof, the parties to these presents have hereunto set their hands, the day and year first above written.

(Signed)          "WALTER B. BEEBE.
                  "R. T. BATTEY."

Trial was had before the justice, and appeal taken by *Battey*.

On the trial in the district court, the court found as follows:

*As matters of fact:* "1st, That on the 8th day of July, 1877, there was due from defendant to plaintiff, upon the written agreement attached to plaintiff's 'bill of particulars,' the sum of $324.42.   2d, That no part of said sum has been paid by said defendant to said plaintiff.   3d, That the said written agreement attached to the plaintiff's bill of particulars was duly executed by the plaintiff and defendant, as alleged in said bill of particulars.   4th, That the defendant never took actual possession of the real property described in said written agreement, and never exercised any actual ownership or control over the same, and disowns all claim to the same, and refuses to take it under said agreement;" and

*As a conclusion of law:* "That plaintiff is entitled to recover of and from the defendant, upon the several causes of action alleged in his bill of particulars, the sum of $300, with interest thereon at the rate of ten per cent. per annum from the 26th day of January, 1877."

Plaintiff in error then moved for judgment in his favor

on the findings of fact, notwithstanding the conclusion of law. This motion was denied. Said party then moved for a new trial, which was also denied. Judgment was then rendered upon the findings for the plaintiff for the full amount claimed. Defendant brings the case here upon exception to these rulings, and seeks a reversal of the judgment.

*L. F. Keller*, for plaintiff in error:

The vendor of real estate has but two remedies against his defaulting vendee. 1st, If the vendee fails and refuses to pay the purchase-money according to the terms of the agreement, and declines to accept the land, (as the defendant has done in this case,) the vendor has his option: to treat the contract as rescinded, and sue the vendee—not for the contract price, for that can only be recovered where the title has passed to the vendee, or where the judgment will operate as a transfer of the title—but for his damages sustained in the loss of the bargain; 2d, He can refuse to allow the vendee to rescind, and in that event his only remedy is specific performance to enforce the contract, which is in principle the same action, and is based upon facts and circumstances the legal effect of which is identically the same as the facts which support an action to recover the contract price of chattels. In order to maintain specific performance, the vendor must aver his readiness and willingness to convey the land; that he has tendered a deed and demanded the contract price of the land, and then the decree of the court consummates the transaction.

What, then, in the case suggested—where the vendee refuses to pay the price and take the land—would fully compensate the vendor for his loss in the bargain? It is laid down by courts of undoubted authority, both in England and America, that the action appropriate to such a case, where the remedy at law is adequate, is a suit to recover damages for the loss in the bargain, and not a suit for the contract price; that the proper measure of damages in such case is the difference between the contract price and the value

of the land at time of breach, or at time of trial. This is certainly a rule that at once appears just and equitable. The judgment, if rendered for the full contract price, would not transfer the fee to the defendant; while the theory we contend for in either case, whether it be the action at law to recover damages or the equitable action to enforce the contract, adjusts the entire differences of both parties to the contract, and avoids circuity of action and unnecessary litigation.

Counsel argued at length in support of the foregoing views, and cited Parsons on Contracts, 6th ed., 232; Sedgwick on Damages, 6th ed., 222, 223; *Laird v. Pim,* 7 M. & W. 474; *Sawyer v. McIntyre,* 18 Vt. 27; *Old Colony Rld. Co. v. Evans,* 6 Gray, 25; *Griswold v. Sabin,* 51 N. H. 167; *Porter v. Travis,* 40 Ind. 536; *Evrest v. Bancroft,* 22 Ohio St. 172; *Allen v. Jarvis,* 20 Conn. 38; *Wilson v. Holden,* 16 Abb. Pr. 133; *Congregation Beth Elohim v. Central Pres. Church,* 10 Abb. Pr. (U. S.) 484.

These being the two remedies provided by law, it remains to be ascertained whether the plaintiff below had brought himself within the scope of either, so as to be entitled to any judgment; and if so, what that judgment should have been. The record shows that the defendant refused to pay for the land, never took possession, and disowns all claim to the land. The plaintiff then had his option — to sue for damages for the loss of the bargain, or recover the contract price in equity, through the medium of an action to specifically enforce the contract. Has he done or attempted to do either? If he has, the record certainly does not disclose it. The record simply shows a bill of particulars demanding the contract price, with interest. This fact alone appears. No other fact necessary to entitle him to recover the contract price appears either in the pleadings or the findings of the court. Nothing appears in the record to bring the plaintiff or the judgment of the court within the scope and purview of any respectable decision upon this question. Plaintiff's action is not to recover damages, for nothing in the record would indicate that he had any intention of claiming damages for the

breach of the contract.   But even if the court can for a moment conceive that under the pleadings and findings a judgment for damages could have been rendered, it could only have been for nominal damages, because there is no finding upon which an assessment of compensatory damages for the loss of the bargain could be based.   The action could not be maintained for the contract price as upon a bill in equity to enforce the contract, because nothing appears in the record to entitle the plaintiff to a decree against the defendant for the payment of the purchase-money.   In order to maintain an action for the purchase-money, he must plead a tender of a deed; the refusal of defendant to accept and pay the price; must aver his readiness to convey, and show that he was in a condition to convey.   This he could not have done, as the purchase-money was not all due when suit was instituted.

I conceive that if reason and principle and sound authority go for anything, that no action could have been maintained by the plaintiff to recover the contract price until the last payment became due, and then only upon such a showing as would authorize a court of equity to enforce the contract specifically, determine the rights of both parties thereto, and render a judgment that would at the same time it vested the property in the price in the plaintiff, also vest the property in the land in the defendant.

If the judgment rendered in the court below can be sustained, then another judgment for the remainder of the contract price can be recovered without tendering a deed.   For if the plaintiff's theory is correct, the contract price can all be recovered from the defendant without any steps being taken by the plaintiff towards conveying the land to the defendant.   Here we have a judgment operating only upon one party—vesting the price of the article bargained for in the plaintiff, but not transferring the title to the article to the defendant.   Can such a judgment be sustained in the face of the eminent authority against it?

Upon the facts as disclosed by the record, the action of the plaintiff should have been for damages for the breach of the

contract, treating the facts appearing in the fourth finding as a rescission of the entire contract, and not for the contract price.

*Frank Doster,* for defendant in error:

The theory of plaintiff in error is, that by refusing to take possession of the lots bargained for, by disclaiming an interest in them, and refusing to exercise ownership over them, he can repudiate the written obligation to pay for them entered into by him; and the vendor's measure of damages is the difference between the contract price of the lots and their value at the time of the breach, if such value was less than such price; and if no such difference exists, nominal damages alone can be recovered.

And it is further gravely contended, that having sued in special assumpsit for the contract price, and not in general assumpsit for damages for breach of the contract, the plaintiff in the court below should properly have been non-suited, but at best could recover only nominal damages. Chance and inaccurately-expressed opinions seem to favor these views, but an examination of them will disclose either a difference in facts from this case, or a system of practice which permitted the decision.

No authority, we believe, can be found holding that, under a contract like the one sued on in this case, where the vendor pursued the appropriate remedy, he could not recover the full contract price. If the occasional decisions cited by counsel for plaintiff in error can be considered as holding that he cannot recover such contract price, they are overborne by the great weight of authority to the contrary: Bingham on Executory Contracts, 744, *et seq.; Crawford v. Robie,* 42 N. H. 162; *Tripp v. Bishop,* 56 Pa. St. 424; *Alna v. Plummer,* 4 Greenl. (Me.) *258; *Richards v. Edick,* 17 Barb. 260; *Bagley v. Eaton,* 5 Cal. 497; *Goodpaster v. Porter,* 11 Iowa, 161; *Hershey v. Hershey,* 18 Iowa, 24; *Cartwright v. Gardner,* 5 Cush. 273; *Sanborn v. Chamberlain,* 101 Mass. 409; *Dunlop v. Grote,* 2 C. & K. 153.

The covenant to pay the first three installments of purchase-money, and the implied covenant to convey upon the payment of the fourth installment, are independent covenants—not mutual and dependent. (Bingham on Executory Contracts, 744, *et seq.*) The consideration for the promise to pay the installments of purchase-money is the promise to convey, and not the conveyance. (*Crawford v. Robie,* 42 N. H. 162.)

But independent of the decisions of other states, the questions argued by counsel for plaintiff in error are determined against him by the real-estate jurisprudence of our own state. Where land is sold on credit, and the time of payment is not of the essence of the contract of sale, (and such is manifestly the case of the contract under consideration,) the land in equity becomes the vendee's, and the purchase-money the vendor's. (*Douglas Co. v. U. P. R. R. Co.,* 5 Kas. 622.) The contract between the vendor and vendee in this case, in so far as the vendor's right to the purchase-money is concerned, is fully executed. The agreement of sale put the vendee in possession. Under such circumstances, neither party can rescind without the consent of the other. The agreement in question is an equitable mortgage, and an action of foreclosure and for the sale of the lots to satisfy the unpaid purchase-money could be maintained. (*Courtney v. Woodworth,* 9 Kas. 443.) In such action, a personal judgment for the purchase-money could be rendered, and satisfaction thereof had, not only out of the lots in question, but out of any other unexempt property belonging to the vendee. (Laws 1870, ch. 87, § 13; *Gillespie v. Lovell,* 7 Kas. 423.) The plaintiff in such case has his election, to sue on the contract of payment and for the foreclosure of his lien, or upon the contract of payment alone. (*Lichty v. McMartin,* 11 Kas. 565.)

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error insists, first, that the trial court erred in refusing a new trial; and second, in denying his motion for judgment on the findings, and ren-

dering judgment for the defendant in error. The theory of
his counsel is, that as his client had never taken possession
and never exercised any ownership over the land, and had
repudiated the entire contract, the defendant in error had two
remedies. An action at law for damages for the breach of
the contract, and the measure of his damages, would be the
actual loss in the bargain, which, if he retained the land,
would be the difference between the contract price and the
value of the land at the time of breach, or when suit was
brought, if the land had fallen in value. If, however, the
land had not depreciated in value, the damages would be
nominal. If the redress afforded in this way was by reason
of any peculiar circumstances an inadequate compensation to
him for the loss in the bargain, then his only other remedy
would be in equity. In such an action he could force a sale
of his land, and obtain the price the vendee originally agreed
to pay. This theory of counsel, and the numerous author-
ities cited by him, are scarcely applicable to the particular
facts of the case at bar. There is no difficulty in determin-
ing the character of the contract, and the intention of the
parties at its execution. The covenants to pay the install-
ments of the purchase-money sued for, were all independent
of and intended by both parties to precede the actual con-
veyance of the property described. As a general rule, the
intention of the parties when plainly expressed in the con-
tract must govern; and in this case the failure of the plain-
tiff in error to take possession of the premises, his disowning
all claim to them, and his attempted repudiation of the entire
contract without the assent of the vendor, did not change
the rights of the defendant in error to recover for the install-
ments. The contract being valid, the rights of the plaintiff
in error were the same as under any other written contract
of sale, where the stipulations of the purchaser are to pay at
times before he is to have conveyance.

The reported cases which hold that an action will lie for
such installments of purchase-money to be paid in advance
of the conveyance, are numerous. In these cases it is no de-

fense to a suit for the money that the deed has not been made or tendered, or that the plaintiff might have a remedy in another form of action: Bingham on Sale of Real Property, 744; *Davis v. Heady,* 7 Black, 261; *Harrington v. Higgins & Peck,* 17 Wend. 376; *Paine v. Brown,* 37 N.Y. 228; *Darling v. Little,* 26 Pa. St. 502; *Crawford v. Robie,* 42 N. H. 162; 4 Greenl. (Me.) 258; *Bagley v. Eaton,* 5 Cal. 497; *Goodpaster v. Porter,* 11 Iowa, 161.

This conclusion is also in accordance with the previous decisions of this court, so far at least as any expression has been given to the construction of the contracts between vendor and vendee. (*Courtney v. Woodworth,* 9 Kas. 443.)

The judgment of the district court must be affirmed.

All the Justices concurring.