## FAXON *v.* BARNARD and others.

*(Circuit Court, D. Colorado,* November 4, 1880.)

1. MINING CLAIMS—CERTIFICATE OF LOCATION—RECORDING—COLORADO REV. ST. 629.—An act of the assembly of the state of Colorado (Rev. St. 629) requires that the certificate of the location of a mining claim must be filed of record in the office of the recorder of the county in which the claim may be, within three months next after the discovery of the lode. *Held,* that failure to record the certificate within the prescribed time would not render the same invalid, provided all things had been done as the act required, before any other and better right to the same ground had been perfected.

2. SAME—LOCATION—PRIORITY.—Therefore, when the Ontario lode was discovered on the public land, February 11, 1878, and the location completed in July of the same year; and the Green Mountain lode was discovered in August, 1877, and the location completed by filing for record a certificate of location in March, 1878; and these two locations partly overlapped each other,—it was *held* that the claim of the Green Mountain lode would prevail over the Ontario lode upon the question of priority of discovery and location.

3. SAME—DESCRIPTION—REV. ST. § 2324—COLORADO REV. ST. 630.—Section 2324 of the Revised Statutes requires the description of a mining claim to refer to some natural object or permanent monument from which the claim may be identified; and the Revised Statutes of Colorado (630) declare that the certificate of location shall give "such description as shall identify the claim with reasonable certainty." *Held,* under these statutory provisions, that a certificate which described a claim as "situated on the north side of Iowa gulch, about timber line, on the west side of Bald mountain, * * * staked and marked as the law directs," was void for uncertainty of description.

4. SAME—LOCATION—POSSESSION.—A location cannot be extended over a senior discovery in the actual possession of another.

5. SAME—SAME—SAME — PRESUMPTION — INJUNCTION.—It will be presumed, upon a preliminary motion for an injunction, that such possession continued at the time of a junior location, in the absence of proof to the contrary.

Motion for Temporary Injunction.

*G. G. White,* for plaintiff.

*Markham & Patterson* and *Thomas & Campbell,* for defendants.

HALLETT, D. J. Plaintiff claims the Ontario lode as having been discovered by George A. Gibson and others, on the public land, February 11, 1878, and the location completed

in July of the same year. Defendants claim the Green Mountain lode as having been discovered by Benjamin Barnard in August, 1877, and the location completed by filing for record a certificate of location in March, 1878. These are rival locations, overlapping each other at the north end of the first and the south end of the second to the extent of 2 17-100 acres, which is the ground in controversy in this suit. A question common to both claims is whether a certificate of location must be filed of record in the office of the recorder of the county in which the claim may be, within three months next after the discovery of the lode, as required by the act of assembly of 1874. Rev. St. 629. In terms, the act requires the certificate to be filed within that time; and, to secure the claim from the date of discovery against intervening claimants seeking to locate the same ground, it would seem to be necessary to comply with its provisions. But no reason is perceived for saying that the certificate shall be invalid if not filed within the time fixed by law. The design of the law clearly is to give the discoverer time for doing the acts necessary to a proper location. He may sink his discovery shaft within 60 days; he may put up his discovery notice, and his boundary stakes, and record his certificate of location within three months; failing in this he shall have no right as against one who has been more diligent in fulfilling the statute, although later in point of time. But when all things have been done as the act requires, before any other and better right to the same ground has been perfected, it seems to be just and entirely consistent with the statute to recognize the location as having been properly made.

Applying this rule in the present case, and accepting the averments of the parties respecting their locations as true, we find that, although each overstepped the statute, they may have precedence according to the dates of discovery. Begining in February, 1878, plaintiff's grantors completed their location in July of that year. It is indeed stated in some affidavits in support of the bill that the Ontario lode was discovered in the autumn of 1877. But we cannot allow the plaintiff to go aside from or beyond the allegations of his

bill, and as he has averred that the lode was discovered in February, 1878, that will be accepted as the true date. Beginning in August, 1877, defendants completed their location in March, 1878, at which time plaintiff's grantors had not secured any right to the ground in controversy, as they had not then done all that was required to complete their location. If, then, the matters in issue were to be determined upon the question of priority of discovery and location, defendants would prevail. There is, however, another objection to defendants' certificate of location, that it does not refer to a natural object or permanent monument from which the claim may be identified. We are not asked to consider what may be a natural object or permanent monument to which reference may be made, or whether the language of the certificate in making such reference is sufficient under the law, for there is not in the certificate anything whatever as to any natural object or monument. It is said that the claim is "situated on the north side of Iowa gulch, about timber line, on the west side of Bald mountain. Said claim is staked and marked as the law directs." It is utterly impossible to find in this language any reference to a natural object or permanent monument defining the location, and the only question is as to the effect of the omission. The act of congress requires such reference to be made in the description of the claim, (Rev. St. § 2324,) and the state legisature has declared that the certificate shall give "such description as shall identify the claim with reasonable certainty." Rev. St. Col. 630. Compliance with the act of congress would fulfil all that is required by the state, and it may be said that the acts are in perfect harmony. But, if that were otherwise, there is no doubt as to authority of congress nor as to the purpose of the law in requiring that the claim shall be definitely described.

The government gives its lands to those citizens who may discover precious metal ores therein, upon the condition that they will define the subject of the grant with such certainty as may be necessary to prevent mistakes on the part of the government, and on the part of other citizens who may be

asking the like bounty. This is reasonable, and necessary to justly administer the law, and therefore it must be said that without such description a certificate of location is void. On that ground the original certificate of defendants' grantor will be rejected, and as the relocation was posterior to plaintiff's it cannot prevail against the latter. It remains to consider what would be the effect of actual possession by defendants or their grantors at the time the Ontario lode was located; for it appears that defendants' discovery shaft is in the ground in controversy, and they aver that they have been in possession since the lode was first opened. That they have not worked there constantly, may be inferred from what has been done; for, as the shaft is now only 50 feet deep, it is difficult to believe that three years and more have been occupied in sinking it. But defendants say that they have been on the ground constantly, and plaintiff asserts that they have never been there at all. In this conflict and imperfect statement of testimony it is impossible, on a preliminary motion of this kind, to ascertain the fact, and we resort to some general rules which should control.

Plaintiff's position is and must be that the lode was discovered by his grantors 600 or 700 feet from the ground in controversy, extends from thence to the point occupied by defendants, and that defendants are on the same lode. Assuming that to be correct, the question is whether defendants or their grantors were in actual possession at the time plaintiff's location was made. That they were on the ground before that time is shown by testimony which is not contradicted, and the burden is upon the plaintiff to show that they were not there at the time of his location; for if they were then in actual possession, having uncovered the lode, plaintiff's grantor, claiming by subsequent discovery, could not oust them so long as they saw fit to remain there. As to the ground actually held by them, although if they failed to locate under the law they could not claim more, no one by junior discovery could assert a superior title. Plaintiff's location may be valid up to the very point occupied by defendants' grantors, but it must be said that a location cannot be extended over

a senior discovery in the actual possession of another. And so the evidence tending to prove that defendants or their grantors may have been in possession of the shaft in controversy at the time of plaintiff's location, and plaintiff having failed to meet that evidence successfully, the motion for injunction will be denied. All assumptions of fact have of course been made on the proofs as they now stand. At the hearing, if the facts shall appear to be different, the view now expressed may be modified.