## GILPIN COUNTY MINING COMPANY V. DRAKE.

1. Where the plaintiff alleged and the defendant denied the execution in duplicate of an agreement for the sale of a mine, and on the trial the plaintiff proved that the agreement in duplicate had been duly executed and delivered to defendant at the time of the original transaction, *held*, that the admission of parol proof of its contents, without first requiring plaintiff to serve notice to produce the document, under section 382 of the code, was, if error, an error without prejudice.

2. One of the important requisites of a location is that it must be distinctly marked on the ground, so that its boundaries can be readily traced; another is that such a description of the claim shall be given in the location certificate by reference to some natural object or permanent monument as will identify the claim, and where such information is not furnished by the certificate it will be declared void.

3. Upon an executory contract for the purchase and sale of a mine, both parties being bound, after performance by the vendor on his part and the refusal of the vendee to accept the deed and pay the purchase money, the vendor may elect to treat the contract as rescinded and sue for damages, or may proceed for specific performance.

4. Under the code a formal bill for specific performance is not necessary; it is sufficient in all civil actions to state the facts of the case in plain and concise language, and to state the remedy demanded. If the relief sought be warranted by the facts and the law it will be awarded.

*Error to District Court of Gilpin County.*

THE facts are stated in the opinion.

Mr. ALVIN MARSH, for plaintiff in error.

Mr. H. M. ORAHOOD and L. C. ROCKWELL, for defendant in error.

BECK, C. J.    The first assignment of error discussed in the briefs of counsel is, "That the court erred in permitting parol evidence of the contents of the alleged agreement, signed by the plaintiff, to go to the jury under the notice given to produce the same in open court upon the trial of said action."

The complaint, as amended, alleges the sale by the plaintiff below of a certain mining claim, on the 15th day of April, 1879, to the Gilpin County Mining Company, defendant, and the execution of a written agreement in duplicate, setting out the terms and conditions of the contract; that one copy thereof was executed by the plaintiff and delivered to the defendant company, and that the other copy thereof was executed by the defendant and delivered to the plaintiff.

The defendant in its answer denied that a duplicate of said agreement was ever made by the plaintiff, or that such copy was ever delivered to or received by the defendant.    The only notice to defendant to produce the duplicate copy was given upon the trial.

If the averments of the answer respecting the duplicate copy be true, this is a case where a notice to produce would not avail either party.    It would not avail the defendant, because it could not produce what it never received, and it could not avail the plaintiff, for the reason that he could not be allowed to produce parol proof of the contents of an instrument which never had been executed and delivered to the defendant.

The plaintiff proved upon the trial that a duplicate of the agreement had been duly executed by the plaintiff and delivered to the defendant at the time of the original transaction, but this fact being established, was it proper for the court to admit parol proof of the contents of the instrument, without first requiring the plaintiff to serve

a notice on the defendant to produce the document itself, as required by section 382 of the Civil Code?

If this was error, however, it was error without prejudice. The answer of the defendant, as we have seen, substantially denied that the alleged duplicate was in its possession, or was, or ever had been, in existence.

The affidavit of defendant's attorney, filed on the motion for a new trial, averred that affiant had had several conversations with Mr. Cooper, the secretary and acting manager of the defendant company; that he was the only representative of defendant present at the time of the transaction of the purchase and sale of said claim; and that said Cooper always stated to affiant that to the best of his knowledge he never had received, nor had in his possession, said duplicate contract, and had no knowledge concerning it. This affidavit, accompanied with the written admisson of plaintiff's attorney that if Mr. Cooper had been present at the trial he would have testified to the same facts alleged therein, was admitted upon the hearing of said motion.

It is fair to say, therefore, that, in so far as the defendant was concerned, the duplicate agreement was lost and could not be produced, and that parol evidence of its contents became admissible, under section 382 of the Civil Code. Hence the defendant was not prejudiced by the admission of parol proof. Another ruling of the court below complained of was the refusal to admit in evidence the location certificate of Jordan and Weitbrec of the location of the Weitbrec lode.

Among the objections made to this certificate were: 1. A failure to comply with the mining law in making the relocation; and 2. Want of sufficient description of the property, by reference to natural objects or permanent monuments, to designate the ground located.

The location certificate offered in evidence appears to us to be too indefinite to identify the claim, as we understand the application of the word "identity" in the fed-

eral and state statutes. One of the important requisites of a location is that it "must be distinctly marked on the ground, so that its boundaries can be readily traced." R. S. U. S. sec. 2324.

Another requisite of the same section is that such a description of the claim be given in the location certificate, "by reference to some natural object or permanent monument, as will identify the claim."

The only references in this rejected certificate to anything analogous to natural objects or permanent monuments is as follows:

"Beginning at the westerly end of the Gilpin County Mining Company's property on the Williams lode in Lake Gulch mining district, runs thence in a westerly direction a distance of fifty feet to the easterly end of Packard & Updegraph's property on said lode."

It is conceded that the claims referred to are patented claims, and that they supply the permanent monuments required by the act of congress; still the references thereto in the location certificate, and the description of the claim located, are too indefinite to enable the same to be fully identified, or its boundaries readily traced from this certificate alone.

"Beginning at the westerly end" of a certain mining claim. At what point of this westerly end? Was it at a corner or in the center, or at some other point on the line of its westerly end? The certificate does not tell. "Runs thence in a westerly direction a distance of fifty feet to the easterly end of Packard & Updegraph's property on said lode." What part of the easterly end of this property did this line intersect? What kind of monuments, if any, were at the point of commencing and at the point of closing this easterly and westerly line? Through what part of the Weitbrec location did this line pass? Was it through its center or along one side line? Where was the discovery shaft situated with

reference to this line? To what fixed points is said shaft or any other part of said claim tied?

It is apparent that no information is furnished by this certificate which would enable any one to trace the boundaries of this claim. The discovery shaft is tied to nothing definitely, nor is any corner or point of the claim, so far as appears from this record.

The statute pronounces such a location certificate void. There was, therefore, no error in rejecting it.

It is also assigned for error that the jury was improperly instructed as to the measure of damages.

When suit is brought upon a written contract, it is examined in order to ascertain its obligations and terms; the pleadings are inspected to see what relief is sought, and to ascertain whether, under the issues formed, the plaintiff is entitled to such relief, provided the averments of his complaint be established by evidence.

In this case we find an executory contract for the purchase and sale of a mining claim, executed in duplicate, whereby one party binds himself to sell and the other to buy. The contract price was $2,500, payable on a day certain, or as soon thereafter as the title should be cleared of incumbrances.

The complaint alleged that the title was duly freed of incumbrances, as provided by the contract, and that a good and sufficient deed, with covenants of warranty as called for by the contract, had been duly executed by the plaintiff and delivered to the defendant, which the defendant refused to accept; also, that defendant at the same time refused to pay the purchase money.

Upon this state of facts, we are of the opinion that, after the performance of the contract on the part of the vendor, the refusal of the vendee to accept the deed and pay the purchase money authorized the vendor, at his election, to treat the contract as rescinded, and to retain the property and sue for damages; or to institute pro-

ceedings to enforce the contract against the defendant, according to its terms.

Under our former practice, the latter remedy would have required the filing of a formal bill for specific performance of the contract. *Home Mfg. Co. v. Gough*, 2 Brad. App. 477. But such formality is not necessary under our Code of Civil Procedure. It is sufficient in all civil cases to state the material facts of the case in plain and concise language, and in addition to state the remedy demanded. If the relief sought be warranted by the facts and the law, it will be awarded. *Stanbury v. Kerr*, 6 Colo. 28; *Bagley v. Eaton*, 5 Cal. 497; *Blatchley v. Coles*, 6 Colo. 82.

In the present instance the plaintiff elected to enforce the contract, as is evidenced by the allegations and prayer of the complainant. Among the allegations of the complaint is the following: "And plaintiff is still ready and willing to deliver said defendant said deed, and hereby again tenders the same to said defendant." That is to say, he brings the deed into court, and there tenders it to the defendant. The record shows this was done on the trial.

The complaint also alleges that by reason of the premises the defendant has become liable to pay the plaintiff the sum of $2,500 (the purchase money), which sum of money is now due and wholly unpaid, and judgment for said sum, with ten per cent. interest from the date of the tender, was demanded.

Here, then, was a clear election to enforce the contract according to its terms, and judgment was properly rendered according "to the prayer of the complaint." The action was in the nature of an action for a specific performance, as shown both by the complaint and the judgment or decree. The latter awarded to the plaintiff the purchase price due him upon the contract, with interest thereon from the date of the tender of the deed, and or-

dered that the deed tendered be deposited with the clerk of the district court for the defendant.

While the complaint and the proceedings under it were not so formal as would be required under the common law system of practice, they were plain and comprehensive. The complaint stated definitely the object of the action and the result desired, and the judgment was authorized by the issues, and by the facts.

The other matters assigned for error relate principally to questions of fact, which were properly referred to the jury; and we are of the opinion that the verdict of the jury was fully supported by the evidence.

*Affirmed.*