DRUMMOND ET AL. V. LONG ET AL.

1. The federal and state laws are substantially the same in requiring that a recorded certificate of location of a mining claim must, among other things, contain such a description as shall identify the claim with reasonable certainty.

2. The intention of the statutes is to give one seeking the *locus* of a recorded claim something in the nature of an initial point from which to start. The identification must be by reference to some natural object or permanent monument.

*Error to District Court of Ouray County.*

ROBERT LONG, deceased, the original defendant below, made application at the proper land office for a patent to the Portland lode. James A. Drummond and others, plaintiffs below, owners of the Amphitheatre and Mountain Bell lodes, filed an adverse claim, and brought this suit in pursuance thereof. The Portland lode was located in 1875. The Amphitheatre and Mountain Bell lodes were located in 1878, and embrace within their boundaries certain of the territory included in the Portland location. Upon the trial the defendant introduced in evidence the following certificate of location:

"Know all men by these presents, that we, R. F. Long and M. V. Cutler, of the county of La Plata and territory of Colorado, claim, by right of discovery and location, one thousand five hundred feet, linear and horizontal measurement, on the Portland lode, along the vein thereof, with all its dips, variations and angles, together with one hundred and fifty feet in width on each side of the middle of said vein at the surface, and all veins, lodes, ledges and surface ground within the lines of said claim; one thousand and fifty feet on said lode running southeast from the center of discovery shaft, and four hundred and fifty feet running northwest from center of discovery shaft, said discovery shaft being situate upon said lode, within the lines of said claim, in Uncompahgre mining district, county of La Plata, territory of Colorado,

on the southwest side of Mount Hardin, in Portland ·gulch, about one thousand five hundred feet north of the Hawk Eye lode. Said Portland lode was located on the 30th day of August, 1875. Date of certificate, October 4, 1875.

[Signed]                    "R. F. LONG,
                            "M. V. CUTLER."

The jury found for the defendant. Writ of error to the supreme court.

Mr. L. B. WHEAT, for plaintiffs in error.

Messrs. MARKHAM, PATTERSON and THOMAS, for defendants in error.

ELBERT, J. The certificate of location of the Portland lode was admitted in evidence on the trial in the court below, over the objection of the plaintiffs that it did not comply with the requirements of section 2324 of the Revised Statutes of the United States, in that it did not contain such a description of the claim located, by reference to some ".natural object or permanent monument," · as would identify it. Section 2399, Gen. St. 722, provides that the discoverer of the lode shall record his claim in the office of the recorder of. the county, and section 2400 requires that the certificate of location thus recorded shall contain, among other things, such a description as shall identify the claim with reasonable certainty. In this respect the requirement of the federal and state law may be said to be substantially the same. That degree ·of certainty with which the final survey for a patent fixes the *locus* and boundaries of the subject-matter of the grant is not required in the original location to be made by the discoverer of the lode, nor would it be practicable without the aid of a professional surveyor. While this is true, fixing the *locus* of the ground sought to be appropriated, in the first instance, with reasonable certainty, by reference to natural or artificial monuments, is practicable, and is of the first importance to prevent

frauds and mistakes. The government should be able to identify the premises originally located as the premises sought to be patented. Other parties dealing with and seeking to appropriate neighboring territory should be able to identify the claim located, to the end that they may proceed with their own locations, without the danger of intruding upon others, or of having the locations of others swung or shifted upon their own. Mining litigation under the acts of congress discloses frequent attempts to secure a patent for mining territory other than the territory originally located, in fraud of the government and in fraud of the rights of neighboring locators. The foregoing are some of the considerations upon which the statutory requirement we are considering is based.

The intention of the provision is to give one seeking the *locus* of a recorded claim something in the nature of an initial point from which to start, and, following the course or distance given, find with *reasonable certainty* the claim located. The identification must be by reference to some natural object or permanent monument. Stone monuments, blazed trees, the confluence of streams, the point of intersection of well-known gulches, ravines or roads, prominent buttes, hills, mining shafts, etc., are enumerated as satisfying the requirements of the law. The permanent monuments of a neighboring mining claim are also regarded as sufficient. Wade, Min. Law, 113; *Quimby v. Boyd*, 8 Colo. 200; 6 Pac. Rep. 462; *Gilpin Co. Min. Co. v. Drake*, 8 Colo. 590; 9 Pac. Rep. 787; *North Noon Day M. Co. v. Orient M. Co.* 6 Sawy. 300; 1 Fed. Rep. 522; *Jupiter Min. Co. v. Bodie Con. M. Co.* 7 Sawy. 96; 11 Fed. Rep. 666.

In the certificate before us we do not find any such reference to either a natural object or a permanent monument as meets the substantial requirements of the statute. Describing the lode as being on the southwest side of Mount Hardin, and in Portland gulch, locates the lode generally. It is not, however, that definite location, by ref-

erence, which the statute contemplates. *Faxon v. Barnard*, 1 Colo. Law Rep. 147. The certificate also describes the discovery shaft of the Portland as being about one thousand five hundred feet north of the Hawk Eye lode. The evidence discloses nothing respecting the character of the Hawk Eye lode. We assume, however, that it has been duly located in compliance with the laws of congress and of the state; that it is in the usual form of a parallelogram, one thousand five hundred feet in length by three hundred feet in width; and that it contains about ten acres. A tract of land of such dimensions cannot be treated either as a natural object or permanent monument, within the meaning of the act of congress. The discovery shaft of the Portland is not tied definitely to any corner or monument of either the location or lode. From what point on the Hawk Eye location or lode is one to start to find and identify the discovery shaft of the Portland? With the starting point anywhere in a parallelogram of ten acres, the discovery shaft is anywhere about one thousand five hundred feet distant in ten acres to the north. To say that the lode and not the location is meant aids but little the indefinite character of the reference. Under such conditions, identification with that reasonable certainty required by the statute is an impossibility, and it cannot be said that the statute, in this respect, has been complied with. To hold otherwise would leave the requirement of but little practical utility. The insufficiency of the location certificate in this respect is apparent upon its face, and we do not see that it can be aided by evidence *aliunde*. The effect of the omission is to leave the certificate of location void. *Gilpin Co. Min. Co. v. Drake*, 8 Colo. 586; *Faxon v. Barnard*, 1 Colo. Law Rep. 147.

In this view, the court below erred in admitting the certificate of location of the Portland lode in evidence, and its judgment must be reversed. The judgment of the court below is reversed and the case remanded.

*Reversed.*