## WEBSTER *v.* DALY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 265. Argued April 30, 1896. — Decided May 18, 1896.

No appeal lies to this court from a decree of a Circuit Court of the United
States, ordering that the decree of the Circuit Court of Appeals in a suit
for a perpetual injunction against infringement of a copyright be made
a decree of the Circuit Court to which it was sent down with a mandate
after hearing on appeal from the Circuit Court.

The case is stated in the opinion.

*Mr. A. J. Dittenhoefer* for appellant.

*Mr. Stephen H. Olin* for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the
court.

Daly filed his bill in the Circuit Court of the United States
against George P. Webster and others for the purpose of en-
joining and restraining defendants from performing the scene
in the play of "After Dark," known as the "railroad scene,"
on the ground that it was an imitation of a similar scene in
complainant's play, "Under the Gaslight," which complainant
alleged he had copyrighted August 1, 1867, under the act of
February 3, 1831, 4 Stat. 436; and for an accounting. A mo-
tion for a temporary injunction was denied by Judge Wallace,
June 19, 1889. 39 Fed. Rep. 265.

The cause having been heard on pleadings and proofs by
Judge Coxe the former decision was held controlling, and the
bill was dismissed. 47 Fed. Rep. 903.

Thereupon complainant carried the case to the Circuit
Court of Appeals for the Second Circuit, and the decree
of the Circuit Court was reversed, and the cause remanded
with instructions to enter the usual decree for account and
perpetual injunction. 1 U. S. App. 573.

The mandate of the Circuit Court of Appeals having been sent down to the Circuit Court, that court, Judge Lacombe presiding, entered a decree, November 5, 1892, in accordance therewith, for perpetual injunction and costs, and referred the case to a master to take and state an account of the number of unauthorized performances. Proceedings were had under the references and a report filed January 17, 1893, to which exceptions were taken, and, on April 1, 1893, Judge Lacombe entered a decree overruling the exceptions, confirming the decree, and for costs.

The case was again appealed to the Circuit Court of Appeals and the decree affirmed, June 7, 1893, with costs. 11 U. S. App. 791.

The mandate of the Circuit Court of Appeals was filed in the Circuit Court, June 14, 1893, and that court, Judge Lacombe presiding, entered a decree, which, after referring to the appeal and the mandate, continued thus:

"Now, upon the said mandate and upon all the pleadings and proceedings herein and on motion of Olin, Rives & Montgomery, solicitors for the complainant —

"It is ordered, adjudged and decreed that the decree of the Circuit Court of Appeals be, and the same hereby is, made a decree of this court, and that the final decree of this court, entered herein on the first day of April, 1893, be, and the same hereby is, in all respects affirmed."

July 13, 1893, a petition for the allowance of an appeal was presented, on behalf of defendants below, to Judge Lacombe, who had entered the decrees of the Circuit Court of November 5, 1892, April 1, 1893, and June 14, 1893.

This petition, after setting forth the proceedings in the case from its commencement, concluded:

"Now, therefore, these defendants, George P. Webster and William A. Brady, feeling aggrieved, do hereby appeal to the Supreme Court of the United States from the order and judgment entered on the 14th day of June, 1893, affirming the final decree entered on the first day of April, 1893, and from the order of the United States Circuit Court of Appeals, entered on the 7th day of June, 1893, affirming the final

decree entered April 1, 1893, and directing a mandate to issue affirming the said final decree of April 1, 1893, and also from the mandate issued in accordance therewith, and upon the said appeal defendants intend to bring up for review the order of the United States Circuit Court of Appeals filed on the 5th day of November, 1892, directing that the decree of the United States Circuit Court entered on the 14th day of November, 1891, be reversed, and directing a mandate to issue to the United States Circuit Court accordingly, and also the mandate so issued, and also the decree entered in accordance with the said mandate in the United States Circuit Court on the 5th day of November, 1892, and respectfully pray that the final decree entered on the 1st day of April, 1893, and the interlocutory decree entered on the 5th day of November, 1892, and the bill of complaint, answers, replications, transcript and mandates of the United States Circuit Court of Appeals and decree entered in accordance therewith, and all the pleadings, depositions, evidence, exhibits, proofs and proceedings in the said cause, be sent to the Supreme Court of the United States without delay, duly authenticated; that their appeal may be allowed, and that the Supreme Court may proceed to hear the cause anew, and that the decrees of the Circuit Court entered in accordance with the orders and mandate of the Circuit Court of Appeals may be reversed, and the decree entered herein on the 14th day of November, 1891, dismissing the bill of complaint, may be affirmed or such other decree made as to the said Supreme Court shall seem just."

On the same day Judge Lacombe entered at the foot of the application: "The foregoing appeal is allowed," approved a bond, and signed a citation, on appeal. Among the recitals of the bond was: "And whereas the said defendants, George P. Webster and William A. Brady, appealed to the United States Circuit Court of Appeals from the said final decree entered as aforesaid on the first day of April, 1893, which said Circuit Court of Appeals affirmed the said final decree, and on the 7th day of June, 1893, entered its order directing a mandate to issue affirming the said final decree accordingly

with costs, and a mandate was issued accordingly to the United States Circuit Court, and an order of the United States Circuit Court having been duly made and entered thereon on the 14th day of June, 1893, making the said judgment of the United States Circuit Court of Appeals the judgment of the United States Circuit Court, and awarding to the said complainant and respondent the sum of thirty and $\frac{25}{100}$ ($30.25) dollars costs."

The citation was preceded by a recital that it was issued by "one of the judges of the Circuit Court of the United States for the Southern District of New York, and of the United States Court of Appeals for the Second Circuit," and stated: "Whereas George P. Webster and William A. Brady have appealed to the Supreme Court of the United States from the decree lately rendered in the Circuit Court of the United States for the Southern District of New York made in favor of you, the said Augustin Daly, which decree was affirmed by the United States Circuit Court of Appeals, and the said George P. Webster and William A. Brady have appealed to the said Supreme Court of the United States from the order and mandate directing an affirmance of the said decree and from the decree entered in accordance with the said order and mandate, and filed the security required by law."

These papers, together with an assignment of errors, were filed in the Circuit Court.

Thereafter, and on August 9, 1893, the record was certified by the clerk of the Circuit Court under the seal thereof "to contain a true and complete transcript of the record and proceedings had in said court in the case of Augustin Daly, complainant and appellee, against George P. Webster and William A. Brady, defendants and appellants, as the same remains of record and on file in said office."

This record embraces the pleadings, evidence, master's report, orders, decrees and proceedings in the Circuit Court and the two mandates from the Circuit Court of Appeals, and necessarily does not contain the proceedings in and judgments of the latter court. It does not appear and is

not contended that that court ever entered any order allowing an appeal or that any application and allowance was ever filed therein.

The record was filed in this court August 13, 1893, and the cause docketed as an appeal from the Circuit Court.

The result of all this clearly is that the pending appeal is not an appeal from the Circuit Court of Appeals, and is an appeal from the Circuit Court.

But under the fifth section of the judiciary act of March 3, 1891, appeals will not lie directly to this court except in cases falling within one or the other of the classes of cases therein enumerated, and the case before us is not one of them.

By the sixth section appeals may be taken from the Circuit Courts of Appeals to this court in all cases in which the judgments and decrees of that court are not therein made final, where the matter in controversy exceeds one thousand dollars besides costs, and copyright cases are such cases. But this is not an appeal from the Circuit Court of Appeals. Our appellate jurisdiction is defined by that act and we cannot maintain jurisdiction to review the judgments and decrees of the Circuit Courts except as therein prescribed. It does not help the matter that the Circuit Courts may, by the form of their entries, make the judgments and decrees of the Circuit Courts of Appeals their judgments and decrees. We cannot revise the judgments and decrees of the appellate tribunals except when brought before us by appeal therefrom, writ of error thereto, or by certiorari.

*Appeal dismissed.*

Mr. Justice Brewer and Mr. Justice Peckham did not hear the argument and took no part in the decision of this case.