[No. 825.   February 1, 1902.]

JAMES DEENEY et al., Plaintiffs in Error, v. MIN-
ERAL CREEK MILLING COMPANY, Defendants
in Error.

### SYLLABUS BY THE COURT.

1. An ordinary declaration in ejectment is sufficient, under sec-
tions 2290, 2291, Comp. Laws of 1897, to present all the questions in-
volved between an applicant for patent for a mining claim, and an
adverse claimant.

2. In New Mexico a preliminary or discovery notice of location
of a mining claim is unknown to our laws, and a locator, as against
a subsequent locator who enters peaceably, must post such a no-
tice as when a copy thereof is recorded the record will meet the re-
quirements of section 2324 of the Revised Statutes of the United
States.

3. In instructing the jury, the court omitted to mention the
requirements of Session Laws of 1899, chap. 25, sec. 2, in force
when the location was made, as to manner of marking the bound-
aries of the claim on the ground. *Held* error.

4. A receiver's receipt  issued to a mining applicant during
the pendency in the court of an action brought in support of an
adverse claim in pursuance of section 2326 of the Revised Statutes
of the United States, is issued without jurisdiction, and is void.

Error to district court of Socorro county, before
H. B. HAMILTON, Associate Justice. Reversed and re-
manded.

A. H. HARLEE and T. S. HEFLIN for plaintiffs in
error.

A suit by an adverse claimant to be effectual must
be instituted and prosecuted pursuant to section 2326
of the Revised Statutes of the United States and acts
amendatory thereof.  Said section among other things
provides that such suits must be brought within thirty
days after the filing of the adverse in the Land Office.
Such period of limitation can not be enlarged.

Lindley on Mines, sec. 756; Steves v. Car-
son, 42 Fed. 821.

What the pleadings of the adverse claimant should allege.

> Lindley on Mines, sec. 755 and 763; Marshall v. Kirtley, 12 Colo. 410; Michael v. Mills, 22 Col. 439; Rosenthall v. Ives, 2 Idaho 244; Mattingly v. Linsohn, 8 Montana 259; Anthony v. Jillson, 83 Cal. 296; Burke v. McDonald, 2 Idaho 244.

The department will not be controlled by judicial proceedings instituted outside of said section 2326 of the Revised Statutes.

> Lindley on Mines, sec. 755; Seymour v. Wood, 4 Copp. L. O. 2; Nichols v. Becker, 11 L. D. 8; Cain v. Addena M. Co., 24 L. D. 18.

An amendment can not be allowed which would in effect amount to the institution of a new suit, and wholly different suit, either as to the parties or as to the cause of action.

> Ency. Pl. and Pr., pp. 772-773; Shields v. Barrow, 17 How. (U. S.) 130; Judson v. Courier Co., 25 Fed. 705.

An adverse in the Land Office must show the nature, boundaries and extent of such claim.

> Revised Statutes, sec. 2326; Lindley on Mines, sec. 734.

A valid location segregates lands from the public domain.

> Lindley on Mines, sec. 322, 403; Belk v. Meagher, 104 U. S. 279; Revised Statutes U. S., sec. 2324.

The certificate of purchase of the perfection of the right. Adverse claimants have had their day in court. The certificate is not subject to collateral attack. It may be assailed only upon the same ground as a patent may be assailed.

> Lindley on Mines, secs. 771 and 773; Aurora Hill Cons. M. Co. v. 85 M. Co., 12 Saw. 355; Hamilton v. Southern Nev. G. & S. M. Co.

13 Saw. 113; Wirth v. Branson, 98 U. S. 118; Cons. Wyoming G. M. Co. v. Champion M. Co., 63 Fed. 540-541; Benson M. & S. Co. v. Alta M. & S. Co., 145 U. S. 428-432; Carrol v. Safford, 3 How. (U. S.) 441; Polk's Lessee v. Wendal et al., 9 Cranch (U. S.) 276; Boardman et al. v. The Lessees of Reed, 6 Peters (U. S.) 328; Johnson v. Towsley, 13 Wallace 72; Smelting Co. v. Kemp, 104 U. S. 636-657.

In the absence of a proper averment of citizenship by defendant in error in his pleadings, no valid judgment could have been rendered in his favor in said cause.

Thomas v. Chisholm, 13 Colo. 105; McGinnis v. Egbert, 8 Colo. 41; Becker v. Pugh, 9 Colo. 589; Manning v. Strehlow, 11 Colo. 451; McKinley v. Wheeler, 130 U. S. 630; Lee Doon v. Tesh, 68 Cal. 43; 6 Pac. 97; 8 Pac. 621; 1 Fed. 522; Lindley on Mines, sec. 226.

Any work which may have been performed by defendant in error or its grantors prior to May 2, 1895, they having no title, could avail them nothing.

Lindley on Mines, sec. 633 and 216-218; Little Gunnell M. Co. v. Kimber, 1 Mor. Min. 536; Deffeback v. Hawke, 115 U. S. 392, 407; Hopkins v. Noyes, 4 Mont. 550-556; Hammond v. Foster, 4 Mont. 421; Belk v. Meagher, supra.

When a State or Territory has seen fit to legislate upon the question of citizenship so far as the same governs the right of entry, its enactments will be of equal binding force, as the act of Congress granting the citizen such privilege.

Patterson v. Tarbell (Oregon), 37 Pac. 76; Horsewell v. Ruiz, 67 Cal. 111.

FREEMAN & CAMERON for defendant in error.

The acts of Congress approved November 3, 1893, p. 6; act of July 18, 1894, p. 114, 28 U. S. Statute, ex-

empting the owners of mining claims from assessment work on certain conditions for the years 1893 and 1894, made the title of defendant in error good up to that period and gave him all the year 1895 in which to do such work for that year.

> Atkins v. Hendell, 1 Idaho 95; Mills v. Fletcher, 100 Cal. 143; 2 Mor. Min. 328.

The form of action in such a case as the one at bar is nowhere prescribed. It has been held that the action may be by ejectment if the contestee is in possession, or by bill to quiet title if the contestant is in possession.

> Perego v. Dodge, 163 U. S. 159; Compiled Laws, 1897, sec. 2290.

As to amendment of pleadings—

> Compiled Laws, 1897, sec. 2972; Beal v. Territory, 1 N. M. 346; Thomas v. Chisholm, 13 Cal. 105.

Where the proposed amendment consists of new matter relating to the subject of the action as set forth in the complaint, and it is not a new independent cause of action, the fact that the statute of limitations has attached to it pending the suit is a strong reason for allowing the amendment instead of refusing it.

> 1 Ency. Pl. and Pr., 518; Sawyer v. Newton, 134 Mass. 308; Davis v. Sanders, 7 Mass. 62; People v. Cook, 6 Hun 304; Risley v. Phoenix Bank, 2 Hun 349; Wilson v. Smith, 39 N. Y. 156; Miller v. Watson, 6 Wend. 506; Dana v. McClure, 37 Vt. 197; Lottman v. Barnett, 62 Mo. 159; Wood v. Lane, 84 Mich. 529; Shieflin v. Whipple, 10 Wis. 81; Tucker v. Virginia City, 4 Nev. 20; Railroad v. Runkell, 17 Kan. 151; Verdery v. Barnet, 89 Ga. 349; Rand v. Wilbur, 64 Me. 191; 14 Am. and Eng. Ency. Pl. and Pr., 846 and authorities cited.

As to relocation under the statute—

> Johnson v. Young, 34 Pac. 175; Phellpotts v. Blosdell, 8 Nev. 61.

What is a good location notice—

> Erhardt v. Baoro, 113 U. S. 529-534; Mc-Keley v. Wheeler, 130 U. S. 630.

Proof of citizenship is like any other fact in the case, a question for the jury.

> Lindley on Mines, 227; Goldenfleece Mining Co. v. Cable Company, 12 Nev. 313; Doe v. Waterloo, 70 Fed. 463; Hahn v. U. S., 170 U. S. 402; O'Riley v. Campbell, 116 U. S. 420.

Where a corporation is created by the laws of a state, the legal presumption is that its members are citizens of the same state.

> Lindley on Mines, 226; Doe v. Waterloo Mining Co., 7 Fed. 462; Railroad v. Wheeler, 1 Black. 286; Muller v. Dows, 94 U. S. 444;

See also Baker v. Peugh, 9 Col. 593; Schultz et al., v. Allyn, 48 Pac. 962.

Insufficient statements in pleadings, to be available on appeal, must be called to the attention of the court by demurrer.

> Edmonson v. Phillips, 73 Mo. 67; State v. Williams, 77 Mo. 467; Wetmore v. Woodbridge, Kirby (Conn.) 164.

If the attention of the court had been drawn to the objection, it would have been held that the amendment being clearly germane was properly allowable.

> Pomeroy on Remedial Rights, sec. 566; Robinson v. Willoughby, 67 N. C. 84; Bullard v. Johnson, 65 N. C. 436; Supervisors v. Decker, 34 Wis. 378; Hodges v. Sawyer, 24 Wis. 397; Brown v. Leigh; Abbott's Prac. Rep. (U. S.) 198.

But whether the pleadings were good or bad, was a question for the court and not for the officers of the land department, and any action taken by that department pending the litigation is absolutely void.

> Mineral Law Digest, p. 297 et seq.

The attempted relocation of the Grew Hawk, made

by plaintiff in error on the sixth day of May was absolutely void, because made on land embraced in a prior valid subsisting location.

Rose v. Richman Min. Co., 17 Nev. 25, 27 Pac. 1105, 2 Col. Law 576; Strepy v. Stark, 7 Cal. 614, 5 Pac. 111, 4 West Coast 663; Carthe v. Hart, 73 Cal. 541, 15 Pac. 93, 15 Mor. Min. 492; Aurora Hill Cons. Min. Co. v. 85 Min. Co., 12 Sawy. 355, 34 Fed. 515, 15 Mor. Min. 581; Hall v. Hale, 8 Col. 351, 8 Pac. 580; Belk v. Meagher, 104 U. S. 279; Atkins v. Hendree, 1 Idaho 95. 2 Mor. Min. 328; Mills v. Fletcher, 100 Cal. 143, 34 Pac. 637.

Before the plaintiffs in error could have acquired any right or title, they must have shown an utter abandonment, and all the burden was on them, for the law does not presume an abandonment.

Coleman v. Curtis, 12 Mont. 301, 30 Pac. 266; Quigley v. Gillett, 35 Pac. 1040; Hammer v. Garfield M. M. Co., 130 U. S. 291.

A valid location can not be based upon a discovery made within the limits of a prior subsisting location; it must be made upon the unoccupied and unappropriated public domain, and the mere fact that the prior locator does not object is immaterial, unless he abandons the ground in conflict.

Mineral Law Digest, p. 96, sec. 261; Armstrong v. Lower, 6 Col. 393, 15 Mor. Min. 631.

But the owner of a mining claim may relocate it under a different name.

Phillpot v. Blasdell, 8 Nev. 61, 4 Mor. Min. 341.

But as to a stranger, "land covered by a subsisting mineral entry is not subject to relocation."

Mineral Law Digest, p. 96, sec. 267; F. H. Harrison, 2 L. D. 767; Good Return Min. Co., 4 L. D. 221; Smuggler Min. Co. v. Truworh Lode, 19 L. D. 356.

And see also Gleason v. Martin White Min. Co., 13 Nev. 442; Fuller v. Harris, 29 Fed. 819; Erhardt v. Boardo, 13 U. S. 527.

A relocation made either by the owner or by a stranger, so far from being a declaration that an original location is bad, is to the contrary.

> Lindley on Mines, 404; Belk v. Meagher, 104 U. S. 279; Wills v. Blain, 4 N. M. 378.

The owner may relocate as often as he chooses.

> Lindley on Mines, 405; Hunt v. Patchen, 35 Fed. 816; Warnock v. DeWitt, 11 Utah 324; 15 Am. and Eng. Ency. of Law, 551; Copp's Mining Law, 300; Sanders v. Mackey, 5 Mont. 523; Page v. Summers, 70 Cal. 121; Cheeseman v. Shreve, 40 Fed. 790.

The uncontradicted proof shows that when plaintiffs in error undertook to make their location, defendant in error had been in undisputed possession of the ground in controversy for more than ten years, and hence was entitled to the possession against all the world except the United States.

> Glacier Min. Co. v. Willis, 120 U. S. 481; Harris v. Equator Min. Co., 12 Min. 178-184.

As to good faith in determining contesting rights.

> Reynolds v. Iron Silver Min. Co., 116 U. S. 692; Courchain v. Bullion Min. Co., 12 Mor. Min. 238, 4 Nev. 369; Lutz v. Victor, 17 Cal. 271, 12 Mor. Min. 213; Fitzgerald v. Morton, 5 Cal. 308, 12 Mor. Min. 198-215; Hauxhurst v. Lawder, 28 Cal. 331; Railway v. Gould, 21 Cal. 254.

Possession or right of possession is good as against the intruder.

> Field v. Gray, 25 Pac. 794; Goldenfliece v. Cable Co., 12 Nev. 319; Daus v. Scott, 56 Cal. 165; Hosmer v. Duggan, Ibid 257; Tremouth v. San Francisco, 100 U. S. 251; Atherton v. Fowler, 96 U. S. 513; Hosmer v. Wallace, 97 U. S.

575; Phoenix Co. v. Lawrence, 55 Cal. 123; 12 Min. 261; North Moonday v. Orient, 9 Min. 524; Worse v. Barker, 7 Col. 178; Craig v. Thompson, 10 Col. 517; Hosmer v. Wallace, 97 U. S. 580; Rector v. Gibbon, 111 U. S. 287; Christie v. Scott, 14 How. 292.

Possession by the plaintiff has always been regarded as prima facie evidence of title.

Campbell v. Rankin, 99 U. S. 261; Atwood v. Fricot, 17 Cal. 37; English v. Johnson, 17 Cal. 107; Hess v. Windor, 30 Cal. 355.

One can not initiate a title in good faith by entering upon the claim of another. If he enters under the belief that the plaintiffs' location was void, this will not avail him.

Phoenix Mill & Min. Co. v. Lawrence, 55 Cal. 143; 9 M. 524; 4 M. 431.

Where a person has been in possession a considerable length of time, a presumption is indulged in his favor, that the location was regularly made in the first place, and he is allowed to remain so long as he shall comply with the conditions on which he holds his estate.

Flick v. Gold Hill Co., 20 Pac. 807; Harris v. Equator Co., 12 Min. 178.

Actual possession of land is the purpose to enjoy, united with or manifested by, such visible acts, improvements or enclosures, as will give the locator the absolute and exclusive enjoyment of it.

Courtney v. Turner, 12 Nev. 353; 99 U. S. 261; 17 Cal. 37 and 107; 30 Cal. 355.

See also Bell v. Skillicorn, 6 N. M. 402; Borger v. Hobbs, 67 Ill. 592; Perego v. Dodge, 163 U. S. 159; Altoona Mining Co. v. Integral M. Co., 114 Cal. 100.

### STATEMENT OF THE CASE.

This was an action of ejectment, brought by defendant in error (hereafter styled contestant), in support of

an adverse claim filed in the United States Land Office against the issuance of a patent to plaintiffs in error (hereafter styled applicants).

## OPINION OF THE COURT.

PARKER, J.—The first point presented is as to the sufficiency of the declaration filed by contestant. An ordinary declaration in ejectment was filed within the required time, to which was filed the ordinary plea of not guilty. No mention was made in the declaration or plea of any of the Land Office proceedings. Long after the expiration of the thirty days following the filing of the adverse claim, contestant filed an amended declaration, setting up the Land Office proceedings, and other facts concerning its right to possession of the premises in controversy. Applicants moved to strike this amended declaration from the files, for the reason that a new cause of action was thereby presented, which motion was denied. The proposition was again presented to the trial court, by a motion in arrest of judgment, which motion was overruled, and applicants assign error thereon.

It is apparent that the questions presented in actions of this kind are much broader and in many particulars different from those presented in an ordinary action of ejectment. The question presented is as to who has the prior right to purchase the fee from the government. Bennett v. Harkrader, 158 U. S. 441, 447.

The suit is but a continuation of the proceedings in the Land Office, to have a determination as to which of the contesting parties is entitled to the patent. Wolverton v. Nichols, 119 U. S. 485, 488; Rutter v. Shoshone Min. Co., 75 Fed. 77.

The contestant must show every fact which would entitle him to patent except those acts necessary to initiate and prosecute an application for patent in the Land Office. Schults v. Allen, 48 Pac. (Ariz.) 960.

And the contestant must prove the filing of his adverse claim in the Land Office, and the institution of his suit in proper time, or he cannot recover, Mattingly v. Lewisohn, 8 Mont. 259.

The original declaration filed by contestant, as before stated, was a declaration in ejectment in ordinary form, and made no mention whatever of either the application for patent by applicants, or the filing of adverse claim by contestant. The plea was a plea of not guilty, and it also failed to mention any of the Land Office proceedings. Applicants urge that the declaration failing to make allegation of these facts, which were a necessary part of the contestant's case, it was error to allow an amendment of the same, bringing in these allegations, after the expiration of the thirty days within which suit must be brought in support of an adverse claim.

But it is to be observed that the act of Congress authorizing the bringing of these actions nowhere makes mention of any form of action. Any action, appropriate in form, according to the law of the particular State or Territory, may be employed. Perego v. Dodge, 163 U. S. 159; Lindley on Mines, sec. 754.

Our statute provides in express terms that an action of ejectment may be brought in support of an adverse claim in all cases, whether plaintiff is in or out of possession, and provides for the rendition of a special verdict by the jury to define the respective rights of the parties in the premises. Comp. Laws of 1897, secs. 2290, 2291.

When these two sections were enacted, as now, the statute provided that it should be sufficient for the plaintiff in ejectment to declare that on some day named, he was entitled to the possession of the premises, and that afterwards, on a day named, the defendant entered, and withholds the possession. Comp. Laws of 1897, sec. 3164.

The plaintiff may show any fact which establishes

his right to the possession. Comp. Laws of 1897, sec. 3168.

The defendant, under the plea of not guilty, may show any fact to establish that the plaintiff is not entitled to possession. Comp. Laws of 1897, sec. 3165.

It seems, therefore, in view of the foregoing statutes, that the Legislature has seen fit to declare that what might otherwise be well considered insufficient as a declaration or complaint in cases of this kind, may be employed for that purpose and shall be sufficient. It could not be that the Legislature should intend to provide the form of action to be employed, and not also intend that the same should be adequate and complete. We are aware that more specific allegations are required by the current of authority. Lindley on Mines, secs. 754, 755. But we are not aware of any other statute showing a specific intent to provide a given remedy, as is the case here.

We therefore hold that the original declaration filed in this case was sufficient. This conclusion obviates the remaining question on the pleadings, for if the original declaration was sufficient, it was not reversible error to allow it to be amended to set up specifically the Land Office proceedings.

The next point presented is of serious and far-reaching importance. It involves the question of the extent of the locator's rights after discovery of mineral and prior to the completion of his location. On July 2, 1895, contestant posted on the premises in controversy the following notice: "Location Notice: The Gold Eagle Lode discovered by the Mineral Creek Milling Company May 2, 1895, claim 750 feet easterly and 750 feet westerly from discovery. The Mineral Creek Milling Company, by L. W. Tatum, agent."

The court instructed the jury as follows: "9. The law requires that the notice shall be filed for record and recorded within ninety days after the notice is posted,

such claim so recorded shall contain the name or names of the locators, the date of the location and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim. When a citizen goes upon the public domain to locate a mining claim, the first notice which he posts may be an incomplete and imperfect notice and not such a notice as the law would require him to have filed for record. Still although the first notice posted at the time of discovery may be imperfect, yet if a person so discovering and posting said notice will thereafter retain possession and with diligence prosecute his work, sink his shaft and mark his boundaries and will within the ninety days after his first discovery have his claim surveyed and fully and correctly described by a notice properly made and have such notice posted and recorded, then the fact that his first or discovery notice was imperfect under the law will not invalidate his location, if the first notice was of sufficient certainty to define the extent and nature of his claim, as to advise the public or any person reading the notice of his possession and the extent of his location it would be sufficient to protect his possession, as against any one attempting to intrude upon his possession."

Our statute provides: "Sec. 2286. Any person or persons desiring to locate a mining claim upon a vein or lode of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposit, must distinctly mark the location on the ground so that its boundaries may be readily traced, and post in some conspicuous place on such location, a notice in writing stating therein the name or names of the locator or locators, his or their intention to locate the mining claim, giving a description thereof by reference to some natural object or permanent monument as will identify the claims; and also within three months after posting such notice, cause to be recorded a copy thereof in the office of the recorder of the county in which the notice

is posted.   *And provided,* No other record of such notice shall be necessary."

By the acts of Congress no notice of any character is required to be posted upon a mining claim, neither is any required to be recorded.   Haws v. Mining Co., 160 U. S. 303; Lindley on Mines, secs. 350, 379, and authorities cited.

But in all the mining States and Territories, the posting of a notice of claim, and later a record in some form, is required by statute or local regulation.   This posting of notice of claim is to be held to be the real inception of the right of the locator.   It is a declaration of his intention to appropriate the ground.   Without this a discovery of mineral would be unavailing.   The locator is entitled to no appreciable time after discovery to determine whether he desires to locate and claim the benefit of his discovery.   Discovery and posting notice of claim therefore must be practically contemporaneous, as against a subsequent appropriator of the same ground who enters peaceably.

In most of the States provision is made for the posting of a preliminary notice of claim or discovery notice, to be followed later by an entirely different notice meeting other requirements.   See Lindley on Mines, sec. 351, et seq., and 380.

But here a preliminary or discovery notice is unknown to our laws.   On the other hand there is a positive requirement of statute that the notice shall be in such form as that a copy thereof may be recorded.   In other words, the first notice posted by the locator must be such a notice as will, when recorded, answer all the requirements of a valid location notice, or, as elsewhere called, location certificate.

This being true, let us inquire what are the requisites of a valid record of a location notice or certificate.

Section 2324 of the Revised Statutes of the United States provides:   "All records of mining claims hereafter made shall contain the name or names of the loca-

tors, the date of the location, and such a description of
the claim or claims located by reference to some natural
object or permanent monument as will identify the
claim." And such is the requirement of our statute,
with the addition that the notice shall contain a state-
ment of the intention to locate. While, as before stated,
the acts of Congress do not require record of a location
notice, yet when the same is required by local legisla-
tion, or regulations of miners, then the requirements of
the Federal statute become operative and imperative.
Brown v. Levan, 46 Pac. (Idaho) 661; Faxon v. Bar-
nard, 4 Fed. 702; Lindley on Mines, sec. 379, and author-
ities cited.

A failure to comply with the terms of the United
States statute must render the location notice ineffect-
ual and void. Lindley on Mines, sec. 384.

Tested by the foregoing rules, it is perfectly ap-
parent that the notice of July 2, 1895, is wholly void,
and conferred no rights on contestant. It appears from
the record that thereafter, within three months, contest-
ant had a survey of its claim made, and a location notice
posted and recorded, which more definitely complied
with the requirements of law, but we cannot understand
how this can avail contestant. The proofs show that at
a time when contestant had posted no valid notice of
location, applicants peaceably entered the premises and
made a location of the same. This they had a legal right
to do, so far as disclosed by this record. The court there-
fore erred in its instruction to the jury, for which error
the applicants are entitled to a reversal of this cause.

The court, in its instructions, nowhere referred to
the fact that our laws require the marking on the ground
of a location in a particular way. Section 2, chap. 25,
of the Session Laws of 1889, in force when the locations
in this case were made, provides as follows: "The sur-
face boundaries of all mining claims hereafter
located shall be marked by four substantial posts,
or four substantial monuments of stone, set at each

corner of such claim; such posts or monuments of stone shall be each plainly marked so as to indicate the direction of such claim from each monument of stone or posts."

The monuments of contestant's location of May 2, 1895, so far as disclosed by the record, were never marked until survey was made in June following, and long after the entry by applicants. This is a positive requirement of statute. We do not see how the same can be disregarded any more than any of the other requirements of law. It was evident error on the part of the court to omit this element from its instructions to the jury.

During the pendency of this action, applicants procured from the receiver of the United States Land Office at Las Cruces, New Mexico, their receipt for the purchase of lot No. 967, being the premises in controversy and the same as embraced in their location of May 6, 1895, of the Last Attempt mine, which receipt they offered in evidence.

Contestant objected to the introduction of the same and the objection was sustained, of which action by the court applicants complain. How this receipt came to be issued by the Land Office, in the face of the fact that this action was pending in support of contestant's adverse claim, does not appear.

Section 2326 of the Revised Statutes of the United States provides that upon filing an adverse claim "all proceedings except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall be settled or decided by a court of competent jurisdiction or the adverse claim waived." This statute, upon the filing of the adverse claim, transfers the jurisdiction over the controversy from the land department of the government to the courts. The land department had no jurisdiction to act in any particular, until the controversy had been determined in the court. The issuance of this receipt, upon whatever evidence it

may have been issued, was absolutely void and of no effect. It remained for the court to determine for itself whether or not an action was pending to determine a controversy between the parties. McEvoy v. Hayman, 25 Fed. 539; Richmond Mfg. Co. v. Rose, 114 U. S. 576. The action of the court, therefore, in excluding the receiver's receipt from evidence, was correct.

For the reasons assigned, the judgment of the lower court will be reversed and the cause remanded for a new trial. And it is so ordered.

Mills, C. J., and McFie, A. J., concur. M'cMillan and Baker, JJ., not having heard the argument of this cause, did not participate in this decision.