[No. 3259.   Sept. 17, 1929.]

CRAVENS et al. v. DEGNER.

[281 Pac. 22.]

H. B. Hamilton, of El Paso, Tex., and Renehan &
Gilbert, of Santa Fe, for appellant.

Geo. W. Prichard, of Santa Fe, for appellees.

### OPINION OF THE COURT

WATSON, J.   This litigation involves a written agree-
ment by which appellees agreed to sell three mining claims
to appellant upon the following terms:

"* * * for $10,000.00 on one year's time, first payment of $200.00
paid this 3rd day of May, 1926; $800 to be paid upon signing con-
tract; balance in 12 monthly payments.   We hereby give our con-
sent to go on the property and start development."

From the date of this agreement until the trial appellant was in possession of and operating the claims, but no further contract had been signed or payment made. Appellees, as plaintiffs, claimed that appellant was in default, and sought an injunction against his continued possession and operation. Appellant by cross-complaint denied any default on his part, claimed default on the part of appellees, and sought specific performance.

It being clear that the intent of the written agreement had not been performed, the main issue was as to which of the parties had defaulted. This was decided by the trial court, who made specific findings. A decree followed enjoining appellant as prayed and dismissing his cross-complaint.

Although appellant assigns 67 errors and argues 5 propositions, his position here may be reduced to a single point, viz., that appellees, being themselves in default, were not in a position to declare a forfeiture of the agreement.

Under the first three points in his brief, appellant's contention seems to be that, as the agreement fixed no time for "signing contract" and paying the $800, it still subsists; that its obligations are mutual and concurrent; that to put either party in default the other must have performed his own obligation; and that appellees never tendered to appellant the further or complete contract evidently contemplated by the agreement. Assuming the correctness of the legal propositions, appellant is confronted with a refusal of the trial court to find with him as to the facts. The evidence seems to justify the refusal. It is true that appellees had not affixed their signatures to the contract, but it is apparent that it had been formulated and agreed upon and that appellees were ready and willing to sign as soon as appellant should produce the money. We find no merit in this contention.

Appellant's fourth point is that appellees were in default as to one of the claims because, while it had been located on the ground, more than three months had elapsed before the date of the agreement, and there had been a

failure to record the location notice as required by Code 1915, § 3445. Therefore, it is urged, appellees were unable to give title. We do not understand that a failure to make this record of itself effects a forfeiture of the rights initiated. It is our view that the recording will be sufficient if done before adverse rights have attached. 40 C. J. 810. Lockhart v. Leeds, 10 N. M. 568, 63 P. 48, reversed Id., 195 U. S. 427, 25 S. Ct. 76, 49 L. Ed. 263, and Deeney v. Milling Co., 11 N. M. 279, 67 P. 724, relied on by appellant, do not hold otherwise. No adverse rights are involved here.

■ Appellant's point 5 is that appellees were in default because prior to the making of the agreement an undivided half interest in two of the claims had been conveyed away. So, it is urged, appellees could not make title. We do not think, however, that appellant is in a position to urge, nor this court in a position to decide, this contention. Without objection by appellant the trial court permitted an intervention by A. D. Brownfield, receiver of the Lincoln State Bank. It was therein alleged that intervener was the owner of an undivided one-half interest in two of the claims by virtue of a quitclaim deed from appellee John M. Cravens made March 19, 1925. Intervener prayed that he be made a party defendant, that his title be quieted, that he have joint possession with plaintiffs, and that the defendant be required to account to him for one-half the rents and profits. Plaintiffs (appellees) answered the intervention, denying the validity of the quitclaim deed because appellee Florence O. Cravens, wife of the grantor, had failed to join therein. The intervener by reply put in issue only the marital relation. Appellant (defendant) did not answer the intervention. At the trial he objected to the introduction of the deed by the intervener on the ground that it was void.

By the decree the court reserved for future decision the issue between appellees and the intervener, and we do not find that appellant made any objection to this partial disposition of the cause.

It thus seems that this appeal was taken prior to any determination of the question of the validity of the deed

upon which appellant now relies as a defense and to the introduction of which he objected.

The judgment must be affirmed and the cause remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.