THOMAS RISTE ET AL., APPELLANTS, *v.* ROBERT L. MORTON ET AL., RESPONDENTS.

[Submitted June 16, 1887.   Decided July 10, 1897.]

*Mining  Claim—Forfeiture.*

Section 2324, United States Revised Statutes, providing for the forfeiture of the right of one of several locators of a mine for failure to pay his share of representation work, does not require that any record should be made showing such failure or the publication of the notice of forfeiture; all that is required is that the party applying for patent in the Land Office shall prove the facts constituting the forfeiture.

*Appeal from District Court, Park County.   Frank Henry, Judge.*

ACTION by Thomas Riste and another against Robert L. Morton and others. From a judgment for defendants, and from an order overruling a motion for a new trial, plaintiffs appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action to recover a part payment of the purchase price of certain mining claims mentioned in the complaint, on the ground of misrepresentations made as to the character and value of the property, also on the ground that the title to said mining claims was defective.

From the record it appears that on the 28th day of May, 1891, the defendants sold to the plaintiffs the mining claims described in the complaint for the sum of $8,000. Of this sum, $2,000 was paid at the time of the purchase. At the same time the defendants executed to the plaintiffs their bond by which they bound themselves to convey the mining claims in question to the plaintiffs upon the condition that they should pay to them the further sum of $2,000 on the 2d day of July, 1891, and $4,000 on the 1st day of December, 1891, with 6 per cent. interest. On the 8th day of August, 1891, it seems, the plaintiffs came to the conclusion that they would not take the property, and notified the defendants thereof in writing; alleging as their reasons for their action that the said property was misrepresented to them by the defendants, and also that the title thereto had failed, in that the defendants at the time only owned an undivided one-half interest in the Nevada King quartz lode, one of the mining claims mentioned in the complaint. Thereafter, on October 5, 1891, the plaintiffs brought this suit to recover back the $2,000 paid by them as part of the purchase price of said mining claims.

On the trial the plaintiffs waived their first ground of recovery (that is, that the mining claims had been misrepresented to them), and sought to recover the purchase money paid by them solely upon the ground that the defendants had no sufficient title to the claims in question.

The case was tried to a jury. At the close of plaintiffs' testimony the defendants moved for a nonsuit on the ground, among others, that plaintiffs had failed to show that the title to the property in question was incumbered or imperfect in the defendants at time of the alleged agreement of sale, or at the time the deed was deposited, and further that the plaintiffs had failed to point out any particular defects, if any, in

the title of defendants to the property in controversy, or any part thereof. The court sustained the motion, and a verdict was rendered in favor of the defendants. From the judgment rendered in the case, and from an order overruling a motion for a new trial, the plaintiffs appeal.

*Campbell & Stark*, for Appellants.

*W. H. Poorman*, for Respondents.

PEMBERTON, C. J.—This being an appeal from a judgment of nonsuit, the question for determination is as to whether there is any substantial evidence in the record which establishes or tends to establish, the allegation in the complaint that the defendants did not have and could not convey a good title to the mining property in controversy in accordance with the terms of their bond.

It must be observed that the bond was to convey a good title to unpatented mining ground, or such title as would enable plaintiffs to procure a patent thereto. The plaintiffs knew they were contracting for title to unpatented mining ground. This is not disputed.

It seems that, prior to the execution of the bond in question by defendants to plaintiffs, one undivided half of the Nevada King mining claim, mentioned in the complaint, had been sold by defendant Hall, the locator, to E. F. Ferris. Ferris failed to contribute his share of the necessary work and expense to represent said claim for the years 1886 and 1887. Hall advertised Ferris out, in accordance with section 2324, Rev. St. U. S. It is contended by appellants that Hall's notice of publication to Ferris was not published for the length of time required by the statute. It is true that one affidavit of the publisher of the newspaper in which the notice was published would support this contention. But this affidavit was afterwards corrected by the publisher by the filing of another affidavit, showing the notice was published for the full time required by law. So there is nothing in this contention.

Appellants contend that the record should show that Ferris had lost his title to the ground by the publication of such

notice, and that the record should show Ferris had not contributed his part in labor or money to represent the claim for the year in question.

But counsel does not tell us what record the law requires to be kept to show these things.   All the law requires is that the party applying for a patent be prepared to prove these things in the Land Office.   In this case the record shows that the defendants, as the grantees, would have been amply prepared to make such proof on application for a patent to the ground. Appellants contend that Hall's notice of discovery of the Nevada King mining claim is defective, in that it does not locate the claim with reference to any permanent monument.

The notice describes the claim as adjoining and being bounded by three other claims on three sides thereof.   In *Garfield Mining Co.* v. *Hammer*, 6 Mont. 53, 8 Pac. 153, this court held that a description in a location notice referring to a mining claim was a sufficient reference to a permanent monument, saying that such mining claim "will be presumed to be a well-known natural object or permanent monument until the contrary appears."   There is no evidence or presumption in this case that the three mining claims referred to in the Nevada King notice of location are not patented, and, if not patented, that they are not well-known and permanent monuments.

Neither Ferris nor any one else, as far as the record shows, is claiming any title or interest in the mining property in controversy, or any part of it, adverse to the title of the defendants.

There is nothing in the record that shows, or tends substantially to show, that defendants were not capable of conveying a good title to the ground in controversy,—just such title as they contracted to convey; that is, such title as would enable plaintiffs to obtain a patent thereto.   This is all defendants contracted to do.   The evidence shows they were able and willing to comply with the terms of their bond.

There is no merit in this appeal.   The judgment and order appealed from are affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.