[No. 4775.]

## The Londonderry Mining Company v. The United Gold Mines Company.

1. **Mines and Mining—Location Certificate—Natural Object or Permanent Monument—Conclusiveness of Recital—Question of Fact.**

Whether or not there is such a reference to a natural object or a permanent monument in a location certificate as to satisfy the provisions of the law must necessarily be a question of fact, unless there is no such reference, or it is so indefinite that it can be told from an inspection of the certificate that the claim cannot be identified thereby; and, when the natural object or permanent monument is properly described, evidence is admissible to show that such object or monument, as a matter of fact, does not exist, or that the reference does not describe the situs of the claim with a sufficient degree of accuracy to identify it; so that such reference in a location certificate is not conclusive that the law has been complied with.—P. 483.

2. **Mines and Mining—Location Certificate—Description of Claim.**

The description in a location certificate was by metes and bounds beginning at corner No. 1, describing a parallelogram by courses and distances, and concluded by stating: "Corner No. 1 of Wichita lode joining corner No. 4 of Wichita Eagle lode." Held, that such reference to the Wichita Eagle lode was a prima facie compliance with U. S. Rev. Stats., § 2324, providing that records of mining claims shall contain such a description of the claim by reference to a natural object or permanent monument as will identify it, and with Mills' Ann. Stats., § 3151, providing that a location certificate shall contain such a description as shall identify the claim with reasonable certainty; and that the court erred in refusing to admit such certificate in evidence. —P. 484.

3. **Same—Unpatented Claims—Presumption.**

The same presumption—that a patented claim, to which a description in a location certificate ties a mining claim, is a permanent monument—will be made in the case of an unpatented claim, as the latter may be as well known, as prominent, and as particularly described, as one that is patented.—P. 489.

4. **Appellate Practice—Mines and Mining—Exclusion of Evidence.**

Where error was committed by the trial court in refusing to admit in evidence a location certificate offered by the defendant, such error was not cured by the exclusion of evidence of-

fered by the plaintiff that the description in the certificate was not such as would serve to identify the claim.—P. 490.

5. **Appellate Practice—Mines and Mining—Adverse Suits—Conflicting Instructions—Presumptions.**

An instruction was given in an adverse suit, based upon the erroneous supposition that a location certificate offered in evidence by the defendant was invalid. Had it been admitted in evidence, the jury might have determined that defendant's location was made prior to the date of any discovery of mineral on the plaintiff's claim. Held, that such error was not cured by the fact that the jury, in rendering a verdict for the plaintiff, must have found that there was no valid discovery of mineral made upon defendant's claim prior to the discovery of mineral on the plaintiff's claim, in accordance with another instruction that, if the defendant made discovery of mineral and posted notice, the plaintiff could not, within sixty days next ensuing, locate, claim, or initiate, any right to the ground in conflict, since it cannot be ascertained from the record which of the instructions the jury followed.—P. 490.

6. **Appellate Practice—Erroneous Instructions—Presumptions.**

Where an erroneous instruction is given, it will be presumed to be prejudicial to the party excepting thereto, unless it affirmatively appears that it was not.—P. 491.

*Appeal from the District Court of El Paso County. Hon. Robert. E. Lewis, Judge.*

Action by The United Gold Mines Company against The Londonderry Mining Company. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Messrs. ROGERS, CUTHBERT & ELLIS, for appellant.

Messrs. LUNT, BROOKS & WILCOX, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

The subject-matter of controversy in this case is the conflict between the Henry Coby and Wichita lode mining claims. Application for patent was made by the owner of the latter claim, which was adversed by the claimants of the Henry Coby, who

31

thereafter brought suit in support of their adverse. After this action was commenced, the original parties parted with their interests in the premises in controversy, and the present parties to this appeal were substituted. The trial resulted in a verdict and judgment in favor of the plaintiff, appellee here, from which the defendant company appealed.

The defendant claims that the Wichita was discovered July 26, 1891, and that all the acts necessary to constitute a valid location were performed within the time required by law. On behalf of the plaintiff it is claimed that the Henry Coby was discovered September 1, 1891, and the location perfected by the first of October following. We shall not undertake to determine all the questions raised by the errors assigned by counsel for the defendant, because it seems some of them are without merit, and the determination of others is not necessary to a disposition of this appeal.

The defendants offered in evidence the original location certificate of the Wichita lode, which was objected to, and the objection sustained upon the ground that the description of the claim was too indefinite and uncertain, in that it was not bound or tied to any monument or natural object. The description in this certificate was by metes and bounds, beginning at corner No. 1, describing a parallelogram by courses and distances, and concluded by stating: "Corner No. 1 of Wichita lode joining corner No. 4 of Wichita Eagle lode."

The important question to determine is, whether or not this tie was such a reference to a monument as would render the certificate *prima facie* competent as evidence. The Act of Congress on the subject of the record of mining claims, § 2324, U. S. Rev. Stats., provides that records of mining claims shall contain such a description of the claim, by reference to a

natural object or permanent monument as will iden-
tify it.  This is supplemented by the statutes of this
state, which provide that a location certificate of a
mining claim shall contain such a description as shall
identify the claim with reasonable certainty.—Sec-
tion 2400, Gen. Stats.; § 3151, Mills' Ann. Stats.  The
purpose of these provisions is to require such a de-
scription of a mining location as will enable persons
seeking to initiate title to ground in the vicinity to
ascertain what ground has been previously located.
They cannot be ignored, for they are mandatory and
necessary, but they are not to be given a construction
so technical as will result in imposing on locators an
unnecessary burden, or requirements with which, in
many instances, they would be unable to comply.
Their intention is to impart notice to third parties,
and whether or not there is such a reference to such
a natural object or permanent monument as to sat-
isfy the provisions of the law must necessarily be a
question of fact, unless, in the certificate, there is no
reference to such an object or monument, or where,
if there is, it is so indefinite that it can be told from
an inspection of the certificate that the claim cannot
be identified thereby.  A reference to a mountain
peak, the confluence of streams, a gulch, or a spring,
would be a reference to a natural object, which we
know may exist, and yet testimony might disclose
that the particular one referred to did not exist.  A
reference to a cabin, a shaft-house, a dam, or a mill
would be a reference to a permanent monument
which we know may be found in mining districts; but
testimony might disclose that the particular monu-
ment mentioned did not exist, or that, in either case,
the reference did not describe the *situs* of the claim
with a sufficient degree of accuracy to identify it;
so that the reference to a natural object or perma-
nent monument in a location certificate is not con-

clusive that the law has been complied with. The reference may be such that testimony *aliunde* would be necessary in order to determine whether or not *prima facie* there had been a compliance with the law, so that, in every instance, except the ones noted, a compliance with the law becomes a question of fact, to be determined from the testimony relative to the subject. Every case where this question is raised must, therefore, depend upon its own circumstances. As previously stated, the purpose of such a location certificate is to give notice to subsequent locators, and if, by a reasonable construction, the language descriptive of the *situs* of a claim, aided or unaided by testimony *aliunde,* will do so, it is sufficient in this respect. In other words, the object of requiring a reference to a natural object or permanent monument is to furnish means by which to identify the claim, and whatever reference will accomplish this object satisfies the law.

In the case at bar it was said, in substance, in the location certificate of the Wichita lode, that corner No. 1 of that lode joined corner No. 4 of the Wichita Eagle lode. This reference was so definite and certain that any one finding corner No. 4 of the Wichita Eagle lode would have no difficulty in locating corner No. 1 of the Wichita lode; and this brings us to the main question—whether or not this was a reference to a permanent monument, within the meaning of the law.

The law requires that the corner of a mining claim shall be marked by a substantial post hewed or marked on the side in toward the claim, and sunk in the ground or placed in a pile of stones. In the absence of testimony, it must be presumed that the locators of the Wichita Eagle lode complied with the law in this respect, and also described the ground embraced within the boundaries of that claim in a

recorded location certificate, by such a reference to some natural object or permanent monument as would serve to identify the claim with reasonable certainty; and hence, from such a record, in connection with the record of the Wichita lode, the prospector, by the exercise of reasonable care and diligence, could find corner No. 1 of the Wichita lode, and from the calls in the certificate thereof ascertain the ground thereby claimed and located. We must, therefore, conclude, that the reference in the location certificate of the Wichita *prima facie* was a compliance with the law on the subject of permanent monuments, because it must be *prima facie* presumed that, by such reference, third parties could ascertain the ground segregated by the Wichita location, and, as that is the purpose of a reference to a permanent monument, a reference to any object which will serve that purpose must be regarded as a monument, within the meaning of the law.—Lindley on Mines (2d ed.), §§ 381, 383; Morrison's Mining Rights (12th ed.) 70, 71; *Hammer v. Garfield M. Co.*, 130 U. S. 291; *Flavin v. Mattingly*, 19 Pac. 384; *Farmington G. M. Co. v. Rhymney G. & C. Co.*, 58 Pac. 832; *Russell v. Chumasero*, 1 Pac. 713; *Dillon v. Bayliss*, 27 Pac. 725; *Morrison v. Regan*, 67 Pac. 955; *Shattuck v. Costello*, 68 Pac. 529; *Kinney v. Fleming*, 56 Pac. 723.

Lindley on Mines, at § 381, says:

"* * * The certificate is not required to show the precise boundaries of the claim as marked on the ground, but it is sufficient if it contains directions which, taken in connection with such boundaries, will enable a person of reasonable intelligence to find the claim and trace the lines. The object of any notice at all being to guide the subsequent locator, and afford him information as to the extent of the prior location, whatever does this fairly and reasonably should be held to be a good notice."

And, at § 383, the same author says:

"As to whether a given notice or certificate of location contains such a description of the claim as located by reference to some natural object or permanent monument as will, identify it, is a question of fact to be determined by the jury, and parol evidence is admissible for the purpose of proving that the thing named in the certificate is, in fact, a natural object or permanent monument."

In *Farmington G. M. Co. v. Rhymney G. & C. Co., supra,* Chief Justice Bartch, in speaking of the sufficiency of a location certificate, says:

"If, by any reasonable construction, in view of the surrounding circumstances, the language employed in the description will impart notice to subsequent locators, it is sufficient."

In *Morrison v. Regan, supra,* Mr. Justice Sullivan says:

"It is well established by numerous decisions that only where the insufficiency of the location certificate in its failure to make intelligent reference to natural objects or permanent landmarks is apparent on its face, the court may reject it."

And, later, in the same opinion, says:

"A liberal construction should be given to location certificates, and their sufficiency with reference to natural objects or permanent monuments is a question of fact, where natural objects or permanent monuments are referred to therein. Where the location certificate contains a reference to a landmark, it should not, upon a mere inspection of the certificate and in the absence of evidence, be declared insufficient unless it clearly fails to identify the claim."

But we are not without authority on the subject of a reference to a mining claim being a reference to a permanent monument. In *Dillon v. Bayliss, supra,* the reference in the location certificate of a mining

claim was as follows: "The adjoining claims are the Marble Heart claims on the southeast, and Nine Hour lode claim on the southwest, and the St. Louis claim on the north." On the subject of the sufficiency of this reference to comply with the statute, the court said:

"We examine it now upon its face alone, to ascertain whether it should *prima facie* be admitted in evidence, wholly disregarding, for the present, all uncertainties and ambiguities that may be developed by evidence *aliunde* the notice."

And, after further discussion, concludes:

"We are of opinion that there was no error in admitting the location notice in evidence. Its fate, however, when it got into court and met the attacks of its adversary, is another matter."

In *Book v. Justice M. Co.,* 58 Fed. 106, the reference in the location notice of a mining certificate was as follows:

"This claim lies north of the Hartford mine." It was also stated in the location notice that "This claim begins at this notice and monument, which is the southwest boundary of the Justice Mining Company's claim."

It was held that these references were a sufficient compliance with the law requiring reference in the record of location certificates to be made to some natural object or permanent monument.

In *Shattuck v. Costello, supra,* the location notice of a lode mining claim described it as being bounded by certain other named mining claims. On the subject of the sufficiency of such references, the court said:

"To name mining claims as the boundaries of a location is such a reference to natural objects and permanent monuments as to comply with the statute. The presumption is, that such objects exist, and the

duty to show that they do not exist is cast upon the disputing party.''

In *Kinney v. Fleming, supra,* it was stated in the location certificate that the mining property in dispute ''lays just east of the Joyce mine.'' In speaking of the sufficiency of this reference, the court said:

''It has been repeatedly held that a mine referred to by name, as was the Joyce mine, is a permanent monument, and if the claim lay just east of the Joyce mine, its position is defined. Referring to a mine in a location notice casts upon the party attacking the notice the burden of showing that there is no such mine as referred to.''

In *Riste v. Morton,* 49 Pac. 656, the court held (quoting from the syllabus):

''A notice of discovery describing a mining claim as bounded by three other claims on three sides thereof, locates the claim with reference to permanent monuments, unless it affirmatively appears that such other claims are not permanent monuments.''

The court, in the opinion, said:

''There is no evidence or presumption in this case that the three mining claims referred to in the Nevada King notice of location are not patented, and if not patented, that they are not well-known and permanent monuments.''

In *Hammer v. Garfield Mining Co., supra,* the notice of location of the Garfield lode concluded by stating: ''This lode is located about fifteen hundred feet south of Vaughn's Little Jennie mine.'' This location notice was held sufficient by the supreme court of Montana, and Mr. Justice Field, speaking for the supreme court of the United States, in reviewing the judgment of the supreme court of Montana, said:

''We agree with the court below, that the Little Jennie mine will be presumed to be a well-known

natural object, or permanent monument, until the contrary appears.''

See, also, *Morrison v. Regan, supra.*

In *Duncan v. Fulton,* 15 Colo. App. 140, in an opinion written by the late Judge Bissell, it was held (quoting from the syllabus):

''A description in a location certificate of a mining claim which ties the claim by course and distance to a patented claim is sufficient to comply with the statute requiring the description to refer to some natural object or permanent monument. A patented claim will be presumed to be a well-known natural object or permanent monument until the contrary appears.''

Following this case in *Carlin v. Freeman,* 19 Colo. App. 334, it is said by Mr. Justice Maxwell, in speaking of the sufficiency of a reference to a natural object or permanent monument, in the location certificate of a mining claim:

''A description in a location certificate of a mining claim which ties the claim by course and distance to a patented claim, is sufficient to comply with the statute requiring the description to refer to some natural object or permanent monument.''

But we can see no difference between references to a patented claim and one not patented. The latter may be as well known, as prominent, and as particularly described as one that is patented. The presumption must be the same in each case.

This case is clearly distinguishable from *Gilpin Co. M. Co. v. Drake,* 8 Colo. 586, and *Drummond v. Long,* 9 Colo. 538. It will be observed that, in each of these cases, the court did not hold that a reference in a location certificate to another mining claim was not a reference to a permanent monument, but that the references were too indefinite and uncertain from which to determine the *locus* of the claim.

Counsel for plaintiff call attention to the fact that testimony was offered, the purpose of which was to show that the reference in the location certificate of the Wichita claim was not such as would serve to identify it, which offer was excluded. This offer and ruling did not cure the error committed in refusing to admit the location certificate of the Wichita. Had the certificate been admitted, testimony of the character offered might have been competent. The certificate had already been excluded, and plaintiff cannot complain of a ruling which did not prejudice it.

It is contended by counsel for plaintiff that it is not necessary to determine whether the exclusion of the original location certificate of the Wichita was error, for the reason that, under the instructions, the jury must have found that no valid discovery of mineral was made upon the Wichita prior to the discovery of mineral on the Coby. Under the instructions and the testimony, it cannot be said that such was the effect of the verdict. True, the jury were advised that, if the Wichita made discovery of mineral and posted notice, the Henry Coby could not, within sixty days next ensuing, locate, claim or initiate any right to the ground in conflict, and that no discovery or location of the Coby made during that period of sixty days could become the basis of any title to the ground in controversy. Other instructions following presented a different question on the subject of discovery of mineral upon the respective claims, which, in view of the error committed by the court in excluding the original location certificate of the Wichita, were erroneous. It may be conceded, there was a conflict in the testimony on the question of the discovery of mineral on the Wichita prior to the date of the location of the Henry Coby, which was less than sixty days after the location of the Wichita.

Whether or not mineral was discovered upon the Coby until about one year after its location was also controverted. The court directed the jury that no location certificate, as required by law, was filed upon the Wichita prior to the 21st day of February, 1894. This was followed by an instruction to the effect that if it appeared from the evidence that the locators of the Coby located their claim by performing all the acts required by law prior to the date when the owners of the Wichita filed a location certificate, then the plaintiff should prevail. In the circumstances of this case, this was error, because predicated upon the supposed invalidity of the original location certificate of the Wichita. Had the original location certificate of the Wichita been admitted, it must have been determined, so far as advised from the present record, that the claimants of the Wichita had filed a valid location certificate of the date it was filed, which date the jury might have determined was prior to the date of any discovery of mineral on the Coby. So that, although the court may have submitted to the jury in the first instance a proper instruction from which the jury could have determined that the location of the Coby was invalid, yet, under the instructions subsequently given, the jury could also have determined that the Coby location was good as against the Wichita, because the former had discovered mineral prior to the date when any valid location certificate was filed upon the Wichita. When an erroneous instruction is given, it will be presumed to be prejudicial to the party excepting thereto, unless it affirmatively appears that it was not. It cannot be told from the record before us which of the instructions the jury followed.

The judgment of the district court is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Justices Gunter and Maxwell concur.