# GRAY Et Al. *v.* COYKENDALL Et. Al.

No. 2930

December 28, 1931.                                    6 P. (2d) 442.

See, also, 53 Nev. 113.

*Wayne T. Wilson* and *Emerson J. Wilson,* for Appellants:

*Harwood & Diskin,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

The two placer mining claims to which plaintiffs seek to quiet title by this action are designated in their second amended complaint as Coykendall No. 2 and Coykendall No. 3, and are particularly described therein.

The defendants, in their answer, deny the allegations of the complaint, and by way of cross-complaint set up their claim of title. Defendant's claim of title, as alleged in the answer, is based upon valid locations of most of the ground covered by plaintiff's claims, by the location on the 15th day of January, 1927, of the placer mining claims known and designated as "Gray and Mandery Pyramid No. 3" and the "Gray and Mandery Pyramid No. 4," situated in the Pyramid mining district, county of Washoe, State of Nevada. The locations of defendants' claims were, on the 25th day of July, 1927, amended for the purpose of making the exterior lines thereof conform to the legal subdivisions of the government survey.

Judgment was rendered in favor of plaintiffs, quieting their title to Coykendall No. 3, and awarding them a one-fourth undivided interest in the Gray and Mandery No. 3 as the same was described in defendant's answer. It was further decreed that defendants are the owners of and entitled to the possession of all of the Gray and Mandery No. 4 claim lying outside of the boundaries of the Coykendall No. 3 claim. The appeal is by defendants and from the judgment and order denying their motion for a new trial.

■■ Defendants contend that the part of the judgment awarding plaintiffs a one-fourth interest in the Gray and Mandery Pyramid No. 3 claim is unauthorized under the pleadings. We are of the opinion that this point is well taken. It is conceded by respondents that the theory upon which the trial court awarded plaintiffs a one-fourth interest in the latter claim was that there was a fiduciary relationship existing between H. G. Coykendall, one of the plaintiffs, and W. F. Mandery, one of the defendants, when the latter, together with Donly Gray, another of the defendants, located the claim. No such fiduciary relationship is alleged in the complaint. This action was brought by plaintiffs to quiet title to the mining claims described in the complaint, and not to recover an equitable interest in claims

standing in the names of defendants. For this reason the judgment in this respect is outside the issues, and therefore against law. Counsel for respondents conceded this on the oral argument and abandoned their contention as to the validity of this part of the judgment. As no fiduciary relationship was alleged in the complaint, it was error for the court, over defendant's objections, to admit in evidence plaintiff's exhibits numbered eight to twenty, inclusive, consisting of certain letters and telegrams, for the purpose of proving such relationship.

■ Defendants' third contention is that it was error for the court to permit plaintiffs to file their second amended complaint. The second amended complaint was filed at the conclusion of plaintiffs' case over defendants' objection. Plaintiffs contend that the second amended complaint was offered so that the allegations of the complaint respecting description might coincide with the proof which had been admitted without objection, and was properly filed for that reason. They assert that the first amended complaint contained an inaccurate description of the claim because predicated upon a previous survey by one Whittett, wherein the surveyor mistook a monument that was found near the Indian reservation line for the location monument of the claim and made his measurements and ran his lines accordingly. The evidence relied on by plaintiffs consists of testimony given by witnesses H. G. Coykendall, A. L. Ashley, L. H. Taylor, and a map of a survey drawn by Taylor, who made such survey during the progress of the trial and under the direction of Coykendall. The map of this survey was introduced in evidence and marked plaintiffs' exhibit No. 10. Coykendall, who is one of the plaintiffs, testified that the claim in question and the Coykendall No. 2 claim were located by his son, B. S. Morton, and himself on the 17th day of July, 1926, and that two days thereafter the location notices of the claims were recorded in the county recorder's office of Washoe County, Nevada. He testified "that in locating

the Coykendall No. 3 placer claim he started from a bronze capped monument which was located on the division line between Section four (4) and Section (9) where the said line is intersected by the west line of Pyramid Lake Indian Reservation, and from that bronze capped monument he went west 1600 feet, thence 2000 feet south to corner No. 1 of the Coykendall No. 3 claim." He further testified: "That he set up the location monument of the Coykendall No. 3 claim at a point near where an old abandoned road crosses a small ravine, and that he placed the location monument of the claim at corner No. 4 of the said claim, the same point being corner 4 and also the location monument." He further testified: "That on May 29, 1927, he returned to this claim in company with Albert L. Ashley, whom he had employed to work for him, and that they set up the location monument and the corner posts at the places where, as near as possible to ascertain, they should have been. At that time they found no corner posts which they recognized as belonging to the claim except the location monument which was lying on the ground near the Indian Reservation line about 300 feet southerly from the bronze capped monument. He also testified that on that date he put a new location notice in the location monument of the Coykendall No. 3 claim, which said location notice still remains posted at the time of the trial of this case. The amended location places the claim 300 feet further west."

Albert L. Ashley, who had been in the employ of plaintiffs for several months, testified that "he was driving over the ground claimed as the Coykendall No. 3 claim on November 14, 1926 and stopped to examine a monument which he saw near the road; that the monument which he examined was the location monument of the Coykendall No. 3 claim; that the said monument was located near where the old road crossed the ravine as described by H. G. Coykendall; that he saw no corner stakes of either the Coykendall No. 2 or Coykendall No. 3 claims."

L. H. Taylor, a civil engineer of Reno, Nevada, testified for the plaintiffs "that on January 24, 1928 he made a survey of the Coykendall No. 3 claim at the request of H. G. Coykendall, and that he found the location monument of the Coykendall No. 3 at a point 14 degrees 07′ east, 435.50 feet from the intersection of the westerly boundary of the Pyramid Lake Indian Reservation with the division line between section four (4) and section nine (9) T. 26 N. R. 20 E., as described in plaintiffs' first amended complaint; and that at the direction of H. G. Coykendall he moved the location monument several hundred feet westerly to a point where an old road crossed a small ravine, and that at the direction of H. G. Coykendall he set a post at the northwest corner of said claim at a point indicated by H. G. Coykendall; and that the witness then made a survey of the Coykendall No. 3 claim according to the posts which he had set at the direction of H. G. Coykendall and used for the southeast and southwest corners of said claim posts which were pointed out to him by H. G. Coykendall." The witness produced a drawing of his survey of the Coykendall No. 3 claim made from the field notes of his survey, and which was introduced in evidence over defendants' objection, as plaintiffs' exhibit No. 10. This drawing shows the boundaries of the Coykendall claim according to said survey. The second amended complaint conformed to these boundaries.

Defendants insist that the foregoing evidence was insufficient to warrant the filing of the second amended complaint because the description of the Coykendall No. 3 claim in the original location notice, or as it was amended, is, under the circumstances, controlling as to the boundaries of said claim. The description in the location notices places the ground of the Coykendall No. 3 claim to a large extent out of conflict with defendants' claim. We think the point is well taken. The only evidence which has any tendency to establish plaintiffs' claim is that furnished by the testimony of Coykendall and his employee Ashley to the

effect that the location monument of the claim was originally placed at a point near where an old abandoned road crosses a small ravine. This is the point at which Taylor commenced his survey. It is the basis of the second amended complaint. Taylor found this monument, as he stated, at a point 14 degrees 07' E. 435.50 feet from the intersection of the westerly boundary of the Pyramid Lake Indian reservation with the division line between section 4 and section 9, T. 26 N., R. 20 E. This is the point from which the Whittett survey, which furnished the description for the first amended complaint began. Under the direction of Coykendall, as the evidence shows, Taylor moved the monument to a point near where an old road crossed a ravine and ran his survey. Counsel for respondent in their brief state that it appears "from Taylor's testimony that corners numbered 2 and 3 of the claim were the southeast and southwest corners. The corners were indicated on the ground by posts in place." We do not so read the testimony. The witness did not say he found any posts at corners in place, but that he made the survey according to posts which he had set at the direction of H. G. Coykendall, and used for the southeast and southwest corners of said claims posts that were pointed out to him by H. G. Coykendall. Where the posts were when pointed out to him by Coykendall, with reference to the points where he set them for corners, the witness did not say. He stated that he set a post at the northwest corner at a point indicated by Coykendall. He did not state where he got this post, but said there was no indication of a post having been there before. He stated also that there were no markings on any of the posts used in this survey to identify them as being the corners of that or any other claim. The Taylor survey was not made with reference to any location notice or monument which he found on the ground.

The testimony of Coykendall as to the place where the location monument was originally set on which the

Taylor map is predicated is inconsistent with his testimony "that in locating the Coykendall No. 3 claim he started from a bronze capped monument which was located on the division line between section four and section nine where said line is intersected by the west line of the Pyramid Lake Indian reservation, and from the bronze capped monument or stake, he went 1,600 feet, thence 2,000 feet south to corner No. 1 of the Coykendall No. 3 claim." As pointed out by counsel for appellant, the latter testimony coincides with the description of the claim contained in the amended location notice of the Coykendall No. 3 claim placed in the location monument by Coykendall May 29, 1927, and varies but slightly from the description contained in the original location notice. The original complaint claimed the land area as described in the recorded location notice. The first amended complaint claimed the land area as described in the amended location notice. The second amended complaint claimed a different land area from either of them, and there is no substantial evidence to show that it described the ground actually located by plaintiffs. Ashley's testimony, relied on by respondents as corroborating Coykendall as to the place where the location monument was originally set, as shown by the Taylor map, is of no value in this respect, for it appears from the testimony of Whittett that Ashley was with him when he made the survey; that he assisted him and pointed out to him the corner posts of Coykendall No. 3 claim. Under such circumstances, the location notice must govern as the best evidence of the ground actually located by plaintiffs.

It was said in Treadwell v. Marrs, 9 Ariz. 333, 83 P. 350, 355, on an issue as to the location of a mining claim, "that, where the monuments are found upon the ground, or their position or location can be determined with certainty, the monuments govern, rather than the location certificate; but where the course and distances are not with certainty defined by monuments or stakes, the calls in the location notice must govern and control."

This is a salutary and well-settled rule calculated to require the best evidence of the true boundaries of a claim, and to prevent the swinging or floating of claims to the detriment of subsequent locators. Of course inaccuracies or mistakes in a mining location will not invalidate the location, and in such cases monuments originally erected on the ground control the courses and distances. Book v. Justice Min. Co. (C. C.) 58 F. 106; Gibson v. Hjul, 32 Nev. 360, 108 P. 759. It is by such means that mistakes may be made known. But this applies only where the monuments or stakes can be clearly ascertained, otherwise the description in the location notice controls. Swanson v. Koeninger, 25 Idaho, 361, 137 P. 891; Tiggeman v. Mrzlak, 40 Mont. 19, 105 P. 77; Flynn Group Min. Co. v. Murphy, 18 Idaho, 266, 109 P. 851, 138 Am. St. Rep. 201; Thallman v. Thomas (C. C.) 102 F. 935; Lindley on Mines (3d ed.), sec. 375; 40 C. J. 807.

The court erred in permitting plaintiffs to file their second amended complaint.

■ It was also error for the court to permit plaintiffs to introduce in evidence over defendants' objection the Taylor map, plaintiffs' exhibit No. 10. The map is no evidence that the claim was located as described in the second amended complaint. Plaintiffs contend that it was admissible to illustrate Coykendall's testimony. As to this contention, it might be sufficient to say that it was not limited to that purpose, but, as we hold that the evidence was insufficient to justify the filing of the second amended complaint, the map was immaterial in any respect.

Counsel for defendant has assigned several other errors, but we find it unnecessary to determine them.

The judgment is reversed, and the case remanded to the lower court.