Stancil COUCH, Plaintiff-Appellee,

v.

Harvey CLIFTON, Defendant-Appellant.

No. 79CA0787.

Colorado Court of Appeals, Div. III.

March 5, 1981.

Robert K. Murray, Golden, for plaintiff-appellee.

Sterling, Simon & Rubner, P. C., Kevin D. Allen, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals the trial court's order voiding portions of his mining claims and decreeing the superiority of plaintiff's claims. We affirm.

This action involves a dispute over conflicting mining claims in Gilpin County. The following facts were found by the trial court. In 1960 plaintiff filed with the county recorder an initial placer claim on land southwest and northeast of Colorado Highway 119 in Gilpin County. The filing consisted of a location certificate and map. Plaintiff subsequently made additional discoveries of mineral deposits and filed three other claims as lode claims. Plaintiff has filed several amendments to his claims, which amendments more accurately described the territory involved.

Plaintiff staked each of his claims on the ground to indicate the appropriate boundaries. Over the years he replaced stakes when he noticed they were missing, and he has worked his claims continuously since 1960. He also operates a shop and tourist business on one of the claims, charging visitors a fee and instructing them in the art of panning for minerals.

Although plaintiff's original placer claim included land northeast of Colorado Highway 119, it presently covers territory only on the southwest side of the road. At the time this action commenced, plaintiff's only claim to territory on the northeast side of the road relates to the eastern third of one of his lode claims.

Defendant visited Colorado in 1966, met plaintiff, and did some work on plaintiff's placer claim. Although at that time he did not know the precise boundaries of plaintiff's claims, he did know that plaintiff had staked a placer claim, and became aware that plaintiff had other claims in the area. Defendant later moved to Colorado and developed his own lode claims in Gilpin County. He at no time checked county records to ascertain the extent of plaintiff's claims. Defendant filed his first claim with the county recorder in 1968. Over the years, defendant filed additional lode claims. He also filed various amendments to his claims to give more accurate descriptions of their location.

Although defendant claimed some territory on the southwest side of Highway 119, he did not place any stakes on that side of the road. Instead, he placed witness stakes on the northeast side of the road, claiming there was no secure location on the southwest side where he could place his stakes. Plaintiff protested whenever defendant attempted to work any territory on the southwest side of Highway 119.

On January 31, 1977, defendant filed a location certificate and map for a mill site with the county recorder. This site was located on territory which was part of plaintiff's placer claim and also conflicted with one of plaintiff's lode claims. Defendant subsequently built a shed on the mill site.

Plaintiff filed this action requesting a declaratory judgment that plaintiff is the rightful owner of the property described in his four claims and seeking an order prohibiting defendant from interfering with those claims. Defendant filed a counterclaim seeking a declaration that defendant's claims were superior and an order enjoining plaintiff from interfering with defendant's use of property. The trial court determined that plaintiff's claims are superior to defendant's lode claims insofar as they are in conflict. It also determined that defendant's mill site claim was void because it conflicted with plaintiff's superior placer claim and because it was located on mineral land.

Defendant argues that the trial court's findings of fact are not supported by the evidence and that, as a matter of law, defendant's claims are superior. We disagree.

■■■ Historically, mining law has developed a practical guide for determining ownership of claims. A miner may possess his claim either by continual occupancy of the land or by filing the location certificate with the county recorder. *See Armstrong v. Lower*, 6 Colo. 581 (1883). Location certificates should be given a liberal construction, and a certificate need not show the exact boundaries of the claim. *See Londonderry Mining Co. v. United Gold Mines Co.*, 38 Colo. 480, 88 P. 455 (1907). Whether a location certificate adequately describes a claim so that a person of reasonable intelligence could locate the claim is a question of fact. *McNulty v. Kelly*, 141 Colo. 23, 346 P.2d 585 (1959); *see Londonderry, supra.* Here, the trial court concluded that plaintiff's location certificate, coupled with his actual continual occupation of his claim, provided sufficient notice to validate his claims. This conclusion, which is supported by the evidence, may not be disturbed on appeal.

■■■ Priority of discovery of a mineral deposit and subsequent continual possession of the claim containing such deposit gives priority of right against a subsequent claim involving overlapping territory. *See Van Zandt v. The Argentine Mining Co.*, 8 F. 725 (D.Colo.1881), *aff'd sub nom. Argentine Mining Co. v. The Terrible Mining Co.*, 122 U.S. 478, 7 S.Ct. 1356, 30 L.Ed. 1140 (1886); *see Crossman v. Pendery*, 8 F. 693 (D.Colo. 1881). Thus, although defendant's location certificates may have described his claims adequately, his claims must fail to the extent they conflict with plaintiff's prior claims.

■■■ Where it is impracticable to place a stake on the exact boundary of a claim, the law requires that the stake be placed as close to the real boundary as possible. *See* § 34–43–107, C.R.S. 1973. Here, the evidence supports the trial court's finding that defendant deliberately avoided placing his witness stakes on plaintiff's side of the road. Those conclusions are binding on appeal.

■■■ Defendant also contends that plaintiff's placer claim is invalid as a matter of federal law because plaintiff operated a tourist business on his claim in violation of 30 U.S.C. § 612(a). We disagree.

The federal statute at issue, 30 U.S.C. § 612(a), provides as follows:

"Any mining claim hereafter located under the mining laws of the United States shall not be used, prior to issuance of patent therefor, for any purposes other than prospecting, mining or processing

operations and uses reasonably incident thereto."

Contrary to defendant's argument, no intent to establish a remedy of forfeiture for violations of provisions of § 612(a) may be implied from the act's legislature history or from the provisions of 30 U.S.C. §§ 614 and 615. In the quoted statute, Congress sought to prevent pretense claims by persons not actually engaged in mining their claims. Here, the trial court concluded that plaintiff has mined his placer claim actively since 1960, and the record supports such conclusion. Hence, defendant's argument is without merit.

Defendant finally contends that, even if the validity of plaintiff's placer claim is assumed, defendant's lode claims covering the same territory may co-exist and therefore are equally valid. It is true, as defendant argues, that where lode claims are unknown at the time a placer claim is established, a subsequent locator may, under limited circumstances, discover a lode that extends into the placer claim. *See Clipper Mining Co. v. Eli Mining & Land Co.*, 29 Colo. 377, 68 P. 286 (1902), *aff'd*, 194 U.S. 220, 24 S.Ct. 632, 48 L.Ed. 944 (1904); *Mt. Rosa Mining, Milling & Land Co. v. Palmer*, 26 Colo. 56, 56 P. 176 (1899).

Here, however, the trial court expressly determined that all of plaintiff's claims were valid and superior to all of defendant's allegedly conflicting claims. Thus, the trial court necessarily concluded that plaintiff's lode claims were superior to defendant's lode claims. Because the evidence in the record supports such finding, defendant's reliance on *Clipper Mining Co., supra*, is unwarranted. We find no error in the trial court's conclusion that none of defendant's claims are superior to plaintiff's four claims insofar as the territory southwest of Colorado Highway 119 is concerned.

We also conclude that plaintiff's assertion that he is entitled to costs and attorney fees on appeal is without merit.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.