BENJAMIN G. KENNEY, Appellant, *v.* MILT GREER and VICTOR RUSSELL, Both Individually and dba PEGGY-LEE ANN MINING COMPANY, a Partnership, Respondents.

No. 13682

January 21, 1983                                         656 P.2d 857

*George R. Carter,* Las Vegas, for Appellant.

*Peter L. Knight,* Tonopah, for Respondents.

## OPINION

*Per Curiam:*

This case concerns a dispute over who, as between appellant and respondents, has the better right to mine a particular lode discovery located in Esmeralda County. Appellant contends that a recorded map is the best evidence of the boundaries of respondents' claim in light of indefinite monumentation at the site, and that the map shows that respondents' claim does not include the disputed area. Respondents argue that the monumentation evidence and a recorded certificate of location adequately demonstrate that their claim encompasses the lode in question. We hold that substantial evidence supports the district court's finding that the monumentation on the ground adequately establishes the location of respondents' claim, and we therefore affirm.

### THE FACTS

In February 1965, William Meredith and Lester Brown located the Sunset mining claim in the Gold Mountain Mining District, Esmeralda County. The location certificate contains a general description of the location, extent, and boundary markings of the claim. Along with the location certificate, Brown and Meredith recorded a map purportedly indicating the location of the Sunset claim in relation to a nearby U.S. Location Monument.

Mrs. Harry Wiley inherited from William Meredith an undivided one-half interest in the Sunset claim in December 1970. She quitclaimed all of her interest in the Sunset claim to respondents Greer and Russell in November 1979, designating the claim by the recorded notice and map. Russell re-marked the boundaries of the claim, using some existing rock monuments.

In 1978, appellant Benjamin Kenney had located several contiguous claims, named "Long Shot" and "Long Shots 2-5", in the Gold Mountain Mining District. Kenney testified that when he arrived at the site of his prospective claim, there were several dozen old rock monuments and one post monument in the area, none of which bore any markings. Kenney assumed the ground was open, and staked out his claims with post monuments. When he checked with the Esmeralda County Recorder, he discovered the Sunset claim as described by its location notice, map, and the Master Title plat that had been made from the map. Kenney then recorded a location notice and map of his claims, deleting Long Shot 1 because of the

location of the Sunset claim as shown by the recorded Sunset map and the Master Title plat. These documents indicated that the Sunset claim and the remaining Long Shot claims did not overlap.

Respondents' predecessors in interest, appellant, and respondents all filed the requisite proofs of annual assessment work on their respective claims.

When Kenney returned to his claims in June 1980, he discovered Russell and a crew of men working on the site. After failing to convince Russell, and then Greer, that he was the rightful owner of the claimed area, Kenney sued to remove them. Russell and Greer counterclaimed, seeking to establish their right to enter upon and mine the area claimed by Kenney. The district court denied relief to Kenney and granted respondents' counterclaim, holding that the evidence established the Sunset claim as a valid and subsisting claim that was located in the disputed area prior in time to the Long Shot claims. This appeal followed.

## THE BEST EVIDENCE OF THE LOCATION OF THE SUNSET CLAIM

If a person properly "locates" a lode discovery by complying with all state and federal requirements, he or she gains the exclusive right to explore and develop all minerals within the claim. *See* Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676, *cert. denied*, 371 U.S. 821 (1962); Schwarz v. Ulmer, 370 P.2d 889 (Colo. 1962). *See generally* Olen P. Matthews, *Legal Pitfalls, Land Status and the Acquisition of Mineral Rights* 48-74 (1981). The priority in time of the discovery of a mineral deposit and the subsequent continued possession of the claim containing the deposit gives the owner priority of right as against any subsequent claim involving overlapping territory. Couch v. Clifton, 626 P.2d 731 (Colo.App. 1981).

Where the original monuments marking a claim are found on the ground, or their position or location can be satisfactorily determined, the monumentation evidence prevails over the courses and distances set forth in the recorded description of the claim. Gray et al. v. Coykendall et al., 53 Nev. 466, 475, 6 P.2d 442, 444 (1931); Gibson v. Hjul, 32 Nev. 360, 108 P. 759 (1910). *See* Silver King Co. v. Conkling Co., 255 U.S. 151, 162 (1921); Lombardo Turquoise Milling & Mining v. Hemanes, 430 F.Supp. 429, 442 (D.Nev. 1977). On the other hand, where monuments or stakes do not define the boundaries of a claim

with some certainty, the calls in the recorded location certificate must control. Gray et al. v. Coykendall et al., *supra.* This rule is "calculated to require the best evidence of the true boundaries of a claim, and to prevent the swinging or floating of claims to the detriment of subsequent locators." 53 Nev. at 476, 6 P.2d at 444-45.

The district court found that there was sufficient evidence of the monumentation of the Sunset claim to establish its location on the ground, and that its boundaries encompassed respondents' workings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. NRCP 52(a); Unionamerica Mtg. v. McDonald, 97 Nev. 210, 626 P.2d 1272 (1981). *See* B.S. & K. Mining Co. v. American Smelting & Refining Co., 461 P.2d 93 (Ariz.App. 1969). This Court will not disturb a lower court's findings if they are supported by substantial evidence. Central Bank v. Baldwin, 94 Nev. 581, 583 P.2d 1087 (1978).

Substantial evidence upholds the factual findings of the district court concerning the location of the Sunset claim. A registered land surveyor testified extensively concerning the most likely location of the Sunset claim. He based his conclusions on the narrative description in the recorded certificate of location; corresponding monuments and workings that he found in the field; and the absence of any substantial monumentation or workings in the areas delineated by the contradictory plat map that the original locators had prepared. The surveyor also suggested that the original locators had made a simple error in describing the bearing from the nearest U.S. Location Marker to the Sunset claim, and that this error would reasonably account for the discrepancy between the actual monumentation and the recorded map.

Therefore, while Kenney was indeed misled by an incorrect plat map, there was a logical pattern of monumentation in the field that corresponded with the narrative description of the Sunset claim in the recorded certificate of location. Given adequate monumentation, the district court did not err in refusing to accept the recorded map as the best evidence of the location of the Sunset claim, particularly since field investigation would have revealed to Kenney that the recorded location certificate and the plat map conflicted with each other. *See* Lombardo Turquoise Milling & Mining v. Hemanes, *supra,* 430 F.Supp. at 440-42.

One who asserts that a particular claim is open for location has the burden of proving it. Columbia Standard Corp. v. Ranchers Explor. & Dev., Inc., 468 F.2d 547, 551 (10th Cir. 1972); Western Standard Uranium Co. v. Thurston, 355 P.2d 377 (Wyo. 1960). In light of the controlling monumentation evidence, the district judge did not err in holding that Kenney failed to satisfy his burden of proof, and that respondents retained the right to enter upon and mine the land in question.

After examining the record and considering the relevant case law, we hold appellant's other contentions on appeal to be meritless. We therefore affirm the judgment of the district court.